ANDREW J. WEILL(SBN 073093)
weill@bwmlaw.com
BENJAMIN, WEILL & MAZER
A Professional Corporation
235 Montgomery Street, Suite 760
San Francisco, California 94104
Telephone: (415) 421-0730

Attorneys for Defendant
PENINSULA COMPONENTS, INC
dba PENCOM, a California Corporation

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

PENN ENGINEERING & MANUFACTURING CORP., a Delaware Corporation, and PEM MANAGEMENT, INC., a Delaware Corporation

Plaintiffs,

v.

PENINSULA COMPONENTS, INC., dba PENCOM, a California Corporation

Defendant.

**Case No.: C 07 04231 CRB**

**ANSWER OF DEFENDANT PENINSULA COMPONENTS, INC.**

Defendant PENINSULA COMPONENTS, INC., dba PENCOM, a California corporation ("Defendant") hereby answers the unverified Complaint For Patent Infringement, Trademark Infringement, And Counterfeiting ("Complaint") of Plaintiffs PENN ENGINEERING & MANUFACTURING CORP., a Delaware corporation, and PEM MANAGEMENT, INC., ("Plaintiffs") as follows:

1. On information and belief, Defendant admits the allegations in Paragraph 1 of the Complaint.

2. On information and belief, Defendant admits that Plaintiffs are incorporated in Delaware with headquarters in Danboro, Pennsylvania. Except as so admitted,

Defendant denies each and every allegation contained in said paragraph.

3. Answering Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant admits it is a California corporation with its principal place of business in San Carlos, CA. Defendant further admits it was founded in 1982 and manufactures and sells a variety of product fasteners.

5. Answering Paragraph 5 of the Complaint, Defendant admits said paragraph asserts that this is an action pursuant to 15 U.S.C. § 1121 and 38 U.S.C. §§ 13331 and 1338, and that this Court has subject matter jurisdiction over this action, which states a legal conclusion to which no response is required. To the extent that any assertion in Paragraph 5 is deemed factual, Defendant denies the allegation of Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Defendant admits this Court has personal jurisdiction over Defendant.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required.

8. Answering Paragraph 8 of the Complaint, Defendant admits that, pursuant to Civl. L.R. 3-29(c), this action is an Intellectual Property action to be assigned on a District-wide basis.

## BACKGROUND

9. Answering Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

said paragraph, and on that basis denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant admits Defendant sells fasteners. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

20. Answering Paragraph 20 of the Complaint, Defendant admits that Defendant sells fasteners to customers either directly or through distributors.

21. Answering Paragraph 21 of the Complaint, Defendant denies each and every

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Defendant admits it received correspondence dated June 14, 2006, from Plaintiffs. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

23. Answering Paragraph 23 of the Complaint, Defendant admits there was correspondence dated May 8, 2007 and June 11, 2007, between the parties related to these matters. With regard to a May 18, 2007, communication, Defendant is without sufficient knowledge or information to form a belief as to the truth of the existence of this communication and on that basis denies it exists. Defendant denies each and every allegation contained in Paragraph 23 that Defendant has not disputed that its products infringe either of the aforementioned patents.

24. Answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. D437,209

25. Answering Paragraph 25 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 24 above.

26. Answering Paragraph 26 of the Complaint, Defendant admits that the U.S. Patent No. D437,209 ("the '209 patent"), attached as Exhibit A to the Complaint, indicates on its face that the United States Patent and Trademark Office ("PTO") issued to Plaintiffs the '209 patent on February 6, 2001. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

27. Answering Paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

28. Answering Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Defendant admits that Defendant offers fasteners for sale under product identifier "CV." Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

30. Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. D357,176

33. Answering Paragraph 33 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 32 above.

34. Answering Paragraph 34 of the Complaint, Defendant admits that the U.S. Patent No. D357,176 ("the '176 patent"), attached as Exhibit B to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '176 patent on April 11, 1995. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendant admits Defendant offers for sale fasteners under the product identifier "CC." Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

38. Answering Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

39. Answering Paragraph 39 of the Complaint, Defendant admits it offers a "CC" fastener using product identifier "PFC2." Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

40. Answering Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

**THIRD CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. D388,316**

41. Answering Paragraph 41 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 40 above.

42. Answering Paragraph 42 of the Complaint, Defendant admits that the U.S. Patent No. D388,316 ("the '316 patent"), attached as Exhibit C to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '316 patent on December 30, 1997. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

43. Answering Paragraph 43 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

45. Answering Paragraph 45 of the Complaint, Defendant admits that Defendant makes, uses, sells, offers to sell or imports fasteners in the United States under the

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

product identifiers PR2901 and PR3349. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

46. Answering Paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

47. Answering Paragraph 47 of the Complaint, Defendant denies each and every allegation contained therein.

48. Answering Paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

**FOURTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. D400,430**

49. Answering Paragraph 49 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 48 above.

50. Answering Paragraph 50 of the Complaint, Defendant admits that the U.S. Patent No. D400,430 ("the '430 patent"), attached as Exhibit D to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '430 patent on November 3, 1998. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

51. Answering Paragraph 51 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

52. Answering Paragraph 52 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein

53. Answering Paragraph 53 of the Complaint, Defendant admits that Defendant makes, uses, sells, offers to sell or imports fasteners in the United States under Defendant's "CE" product line. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

54. Answering Paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

55. Answering Paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56. Answering Paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

**FIFTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 5,239,135.**

57. Answering Paragraph 57 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 56 above.

58. Answering Paragraph 58 of the Complaint, Defendant admits that the U.S. Patent No. 5,239,135 ("the '135 patent"), attached as Exhibit E to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '135 patent on August 24, 1993. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

59. Answering Paragraph 59 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

60. Answering Paragraph 60 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

61. Answering Paragraph 61 of the Complaint, Defendant admits that it makes, uses, sells, offers to sell, or imports fasteners in the United States under the product identifier "NK." Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

62. Answering Paragraph 62 of the Complaint, Defendant denies each and every allegation contained therein.

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

63. Answering Paragraph 63 of the Complaint, Defendant denies each and every allegation contained therein.

64. Answering Paragraph 64 of the Complaint, Defendant denies each and every allegation contained therein.

**SIXTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. TRADEMARK NO. 1,400,893**

65. Answering Paragraph 65 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 64 above.

66. Answering Paragraph 66 of the Complaint, Defendant admits that the U.S. Trademark No. 1,400,893 ("the '893 trademark"), attached as Exhibit F to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '893 trademark on July 15, 1986. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said trademark, and on that basis denies each and every allegation contained therein.

67. Answering Paragraph 67 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

68. Answering Paragraph 68 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

69. Answering Paragraph 69 of the Complaint, Defendant admits that Defendant offers for sale and sells fasteners in the United States fasteners under the product identifiers "NA" and "NAL," with part numbers PR2259 and others. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

70. Answering Paragraph 70 of the Complaint, Defendant denies each and every allegation contained therein.

71. Answering Paragraph 71 of the Complaint, Defendant denies each and every allegation contained therein.

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

72. Answering Paragraph 72 of the Complaint, Defendant denies each and every allegation contained therein.

73. Answering Paragraph 73 of the Complaint, Defendant denies each and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF**

**VIOLATION OF SECTION 43(a) OF THE LANHAM ACT**

74. Answering Paragraph 74 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 73 above.

75. Answering Paragraph 75 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

76. Answering Paragraph 76 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

77. Answering Paragraph 77 of the Complaint, Defendant denies each and every allegation contained therein.

78. Answering Paragraph 78 of the Complaint, Defendant denies each and every allegation contained therein.

79. Answering Paragraph 79 of the Complaint, Plaintiff states a legal conclusion that requires on answer. To the extent that any assertion in Paragraph 79 is deemed factual, Defendant denies the allegation of Paragraph 79.

**EIGHTH CLAIM FOR RELIEF**

**COUNTERFEITING**

80. Answering Paragraph 80 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 79 above.

81. Answering Paragraph 81 of the Complaint, Defendant admits that the U.S. Trademark No. 1,400,893 ("the '893 trademark"), attached as Exhibit F to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '893 trademark on

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

July 15, 1986. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

82. Answering Paragraph 82 of the Complaint, Defendant denies each and every allegation contained therein.

83. Answering Paragraph 83 of the Complaint, Defendant denies each and every allegation contained therein.

84. Answering Paragraph 84 of the Complaint, Defendant denies each and every allegation contained therein.

85. Answering Paragraph 85 of the Complaint, Defendant denies each and every allegation contained therein.

86. Answering Paragraph 86 of the Complaint, Defendant denies each and every allegation contained therein.

87. Answering Paragraph 87 of the Complaint, Defendant denies each and every allegation contained therein.

88. Answering Paragraph 88 of the Complaint, Defendant denies each and every allegation contained therein.

89. Answering Paragraph 89 of the Complaint, Plaintiffs state a legal conclusion that does not require a response. To the extent that any assertion in Paragraph 89 is deemed factual, Defendant denies the allegation of Paragraph 89.

90. Answering Paragraph 90 of the Complaint, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

91. Based on the information presently available to it, or information believed to be available after a reasonable opportunity for further investigation and discovery, Defendant alleges the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

**(Noninfringement)**

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

92. Defendant does not infringe, and has not directly infringed, any claim of the '209, '176, '316, '430, '135 patents, or of the '893 trademark.

**SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

93. Defendant states that the Complaint and each cause of action stated therein are barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

94. Plaintiffs's claims for relief are barred in whole or in part by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure To Mark)**

95. Plaintiffs's claims for relief for infringement are barred in whole or in part for failure to comply with the requirements of 35 U.S.C. § 287.

**FIFTH AFFIRMATIVE DEFENSE**

**(Trademark Not Distinctive)**

96. Plaintiffs's claims for relief for infringement of the '893 trademark are barred in whole or in part for failure to comply with 15 U.S.C. § 1052 *et. seq*.

**SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy At Law)**

97. Plaintiffs's claims for injunctive relief, declaratory relief and/or restitution are barred in light of the fact that Plaintiffs have adequate remedies at law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure To Mitigate Damages)**

98. If Plaintiffs suffered any damages, they failed to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Other Affirmative Defenses Based On Later Discovered Evidence)**

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY ST., SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

99. Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, the Trademark Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Court:

A. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '209 patent;

B. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '176 patent;

C. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '316 patent;

D. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '430 patent;

E. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '135 patent;

F. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '893 trademark;

G. Defendant be awarded its own costs and attorney's fees as and when this Court deems just, reasonable, and proper, and

H. Award Defendant such other and further relief as the Court may deem just, reasonable, and proper.

Dated: October 9, 2007

BENJAMIN, WEILL & MAZER
A Professional Corporation

By: [signature]
ANDREW J. WEILL
Attorneys for Defendant Peninsula Components, Inc., dba PENCOM