DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, State Bar No. 138979
dgagliardi@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

MARK C. HANSEN
REBECCA A. BEYNON, *pro hac vice*
KEVIN B. HUFF
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Plaintiffs Penn Engineering &
Manufacturing Corp. and PEM Management, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., and PEM MANAGEMENT, INC., | Case No. C07 04231 CRB |
| Plaintiffs, | **PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | **JURY TRIAL DEMANDED** |
| PENINSULA COMPONENTS, INC., | |
| Defendant. | |

1        Pursuant to Civil L.R. 16-9(a), plaintiffs Penn Engineering & Manufacturing Corp. and

2   PEM Management, Inc., (collectively, "PEM") attempted to meet and confer with defendant

3   Peninsula Components, Inc., ("Pencom") regarding the filing of a Joint Case Management

4   Statement. Despite reasonable efforts by PEM, the defendant failed to agree to a timely meet

5   and confer as required by Federal Rule of Civil Procedure 26(f), and PEM was unable to obtain

6   the cooperation of Pencom in preparing a joint statement.[1]  PEM's efforts to obtain Pencom's

7   cooperation are set forth in the accompanying Declaration of Rebecca A. Beynon. Accordingly,

8   PEM submits a separate Case Management Conference Statement and requests the Court to

9   adopt it as its Case Management Order in this case.

10      **1.**   **Jurisdiction and Service:**

11       PEM alleges that Pencom infringes PEM's patents and trademark. Therefore, the Court

12  has jurisdiction over all claims for relief pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331

13  and 1338(a). Because Pencom's principal place of business is located in this district, the Court

14  has personal jurisdiction over the Pencom. Venue is proper in the Northern District of California

15  under 28 U.S.C. §§ 1391(c) and 1400. PEM properly served Pencom with the Complaint in this

16  action on August 21, 2007.

17      **2.**   **Facts:**

18       PEM is a designer and manufacturer of "self-clinching fasteners," and owns intellectual

19  property relating to self-clinching fasteners. Pencom is a competing seller of self-clinching

20  fasteners.

21       PEM filed this action on August 15, 2007, seeking a ruling that Pencom has infringed

22  U.S Patent Nos. 5,239,135; D437,209; D357,176; D388,316; and D400,430 (collectively, the

23  "Patents-in-Suit,") and U.S. Registered Trademark No. 1,400,893 (the "'893 Trademark"). PEM

24

25

---

26  [1] On November 14, 2007, the due date for this filing, Pencom sent an e-mail to counsel for PEM
stating that it "realistically … may not be able to handle this until tomorrow." PEM files this

27  statement to ensure that it complies with the deadlines set in the Local Rules and the Court's
standing orders. However, PEM will continue to work with counsel to Pencom in an effort to

28  prepare a joint statement to replace this separate Case Management Conference Statement. *See*
Declaration of Rebecca A. Beynon ¶ 9 (Nov. 14, 2007).

1  further seeks a ruling that Pencom has engaged in counterfeiting of its trademark and otherwise

2  violated PEM's rights under the Lanham Act, 15 U.S.C. § 1125.

3      **3.    Legal Issues:**

4      PEM asserts that the legal issues for determination include the proper construction of the

5  claims of the Patents-in-Suit; whether Pencom has infringed the Patents-in-Suit; and whether

6  Pencom has infringed the '893 Trademark.

7      **4.    Motions:**

8      No motions have been filed in this case.

9      **5.    Amendment of Pleadings:**

10     PEM does not currently plan on amending the pleadings.  However, PEM reserves the

11 right to amend the pleadings upon obtaining discovery in this case.

12     **6.    Evidence Preservation:**

13     PEM has undertaken efforts to preserve relevant evidence in this case.

14     **7.    Disclosures:**

15     PEM has served its initial disclosures on November 14, 2007.  At the time of this filing,

16 Pencom had not served its initial disclosures.

17     **8.    Discovery:**

18     To date, the parties have not conducted any discovery in the instant action.    PEM

19 anticipates that discovery will be needed on the issues raised by the pleadings, specifically

20 including the following topics:

21         • The proper construction of the claims of the Patents-in-Suit;

22         • Whether Pencom has infringed the Patents-in-Suit;

23         • Whether Pencom has infringed the '893 Trademark;

24         • Whether Pencom has counterfeited the '893 Trademark; and

25         • Whether Pencom has infringed PEM's trade dress.

26     PEM asserts that discovery should not be conducted in phases or focused upon particular

27 issues.

28

1    PEM asserts that each side of this case should be limited to taking 100 hours of

2  deposition testimony. PEM asserts that each party should be allowed to issue 25 interrogatories

3  in total, as provided in Fed. R. Civ. Proc. 33(a).

4    While PEM anticipates that the discovery limits set forth above will be adequate to

5  permit the parties to prepare their respective cases, PEM expressly reserves the right to seek

6  modification by the Court for good cause shown, of the proposal set forth herein.

7    PEM's proposed discovery plan is attached hereto as Exhibit A.

8    **9.    Class Actions:**

9  This is not a class action.

10    **10.    Related Cases:**

11    PEM brought suit against six unrelated defendants in the U.S. District Court for the

12  District of Nevada on November 13, 2007. *See Penn Engineering & Manufacturing Corp. v.*

13  *Shanghai Jingyang Import & Export Co., Ltd.*, 2:07-cv-01505 (D. Nev.). That suit claims

14  infringement of PEM's trademarks and patents, including the '893 Trademark and the '209,

15  '176, and '430 patents, among others.

16    **11.    Relief:**

17    PEM seeks a reasonable royalty on Pencom's unlicensed sales of products that infringe

18  the Patents-in-Suit during the past six years. In the event that additional evidence uncovered

19  during the discovery period shows that PEM suffered other harm, such as lost sales and/or

20  profits, PEM reserves the right to seek the actual and exemplary damages, including Pencom's

21  total profit on infringing designs, to which the evidence shows PEM to be entitled.

22    PEM also seeks damages, at least in the amount of Pencom's profits, and damages

23  sustained by PEM and the costs of this action, resulting from Pencom's unlicensed sales of

24  products that infringe PEM's trademark. PEM reserves the right to seek statutory or exemplary

25  damages to which the evidence shows them to be entitled. PEM also seeks injunctive relief to

26  stop further patent and trademark infringement by Pencom and destruction of all remaining

27  inventory that infringes PEM's intellectual property.

28

1    **12.    Settlement and ADR:**

2    The parties have stipulated to private mediation after document discovery in this matter,

3    and the Court issued an order approving that stipulation on November 5, 2007.

4    **13.    Consent to Magistrate Judge for All Purposes:**

5    PEM has not agreed to consent to a magistrate judge for all purposes.

6    **14.    Other References:**

7    PEM has not agreed that this case is not suitable for reference to binding arbitration or a

8    special master.

9    **15.    Narrowing of Issues:**

10    The parties have not identified any issues that can be narrowed by agreement or motion at

11    this time.

12    **16.    Expedited Schedule:**

13    PEM asserts that this case is not appropriate for expedited scheduling.

14    **17.    Scheduling:**

15    PEM's proposed discovery plan, which includes dates for designation of experts,

16    discovery cutoff, hearing of dispositive motions, pretrial conference, and trial is attached hereto

17    as Exhibit A.

18    **18.    Trial:**

19    PEM has demanded a jury for the trial of this action.

20    **19.    Disclosure of Non-party Interested Entities or Persons:**

21    Pursuant to Civil L.R. 3-16, PEM filed the "Certification of Interested Entities or

22    Persons" contemporaneously with the filing of its Complaint on August 15, 2007. At the time of

23    this filing, Pencom has not filed a certification.

24

25

26

27

28

20.    **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

(a)    Electronically Stored Information

PEM asserts that relevant information is likely to be electronically stored, and would agree to endeavor to produce electronically stored information (including emails and electronic documents) and financial records in its native format (including formats such as WordPerfect, Microsoft Word, Excel, PowerPoint, Acrobat PDF, tiff and other off-the-shelf application and those in proprietary formats) to the extent practicable.

(b)    Protection of Privilege and Work Product

PEM asserts that the following provision should be inserted into any Protective Order governing the production of sensitive materials:

> Inadvertent or unintentional production of privileged documents shall not constitute a waiver of the attorney-client privilege or attorney work product doctrine as they apply to those documents specifically or the subject matter of those documents generally. If a party produces documents that it believes should have been withheld as privileged, such party shall provide a written request for the return of those documents within a reasonable time after having actual knowledge that said documents have been produced. The receiving party must then return those documents, along with any copies thereof, to the producing party within ten (10) calendar days of receiving such notice. The receiving party may challenge the privileged nature of the recalled documents by filing a motion with the Court and requesting in camera review of the documents in question.

(c)    Other Orders That Could Be Entered By the Court under Rule 26(c) or Rule 16(b) and (c).

PEM believes that information relevant to the pleadings herein is of a highly confidential nature relating to their respective enterprises. Accordingly, the PEM will attempt to seek entry of a Stipulated Protective Order governing the disclosure of such information.

1    Dated: November 14, 2007                            Respectfully submitted,

2                                                        /s/
3                                                        Daniel J. Bergeson, State Bar No. 105439
                                                         dbergeson@be-law.com
4                                                        Donald P. Gagliardi State Bar No. 138979
                                                         dgagliardi@be-law.com
5                                                        BERGESON, LLP
                                                         303 Almaden Boulevard, Suite 500
6                                                        San Jose, CA 95110-2712
                                                         Telephone: (408) 291-6200
7                                                        Facsimile: (408) 297-6000

8                                                        Mark C. Hansen
                                                         Rebecca A. Beynon, *pro hac vice*
9                                                        Kevin B. Huff
                                                         KELLOGG, HUBER, HANSEN,
10                                                          TODD, EVANS & FIGEL, PLLC
                                                         1615 M Street, NW, Suite 400
11                                                       Washington, DC 20036

12
                                                         *Counsel for Plaintiffs Penn Engineering &*
13                                                       *Manufacturing Corp. and PEM Management, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## Proposed Case Discovery Plan[2]

| Event | PEM's Proposed Date |
|---|---|
| Case Management Conference | November 30, 2007 |
| PEM to Serve Disclosure of Asserted Claims and Preliminary Infringement Contentions for Patents-in-Suit | December 12, 2007 |
| Pencom to Serve Preliminary Invalidity Contentions | January 14, 2008 |
| Parties to Exchange Proposed Terms and Claim Elements for Construction | January 24, 2008 |
| Parties to Exchange Preliminary Claim Constructions and Extrinsic Evidence | February 14, 2008 |
| Parties to file Joint Claim Construction and Prehearing Statement (Including Points of Novelty) | March 17, 2008 |
| Parties Complete Claim Construction Discovery | April 4, 2008 |
| Opening Claim Construction Briefs Filed | April 18, 2008 |
| Responsive Claim Construction Briefs Filed | May 2, 2008 |
| Replies in Support of Claim Construction Brief Filed | May 9, 2008 |
| Claim Construction Hearing | Week of May 26, 2008 |
| Fact Discovery Cut-Off | August 22, 2008 |
| Parties to Serve Expert Disclosures | August 29, 2008 |
| Parties to Serve Rebuttal Expert Disclosures | September 12, 2008 |
| Expert Discovery Cutoff | October 3, 2008 |
| Parties to File Dispositive Motions and *Daubert* Motions | November 7, 2008 |
| Parties to Identify Trial Witnesses and Trial Exhibits | November 21, 2008 |

---

[2] PEM reserves the right to modify these deadlines to accommodate Patent L.R. 3-5 should it become necessary.

1

1

2

3

4

| Event | PEM's Proposed Date |
|---|---|
| Parties to file Motions *in limine* | December 1, 2008 |
| Pretrial Conference | December 8, 2008 |
| Jury Selection | December 9, 2008 |
| Trial | December 16, 2008 |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28