DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, State Bar No. 138979
dgagliardi@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

MARK C. HANSEN
REBECCA A. BEYNON, *pro hac vice*
KEVIN B. HUFF
KELLOGG, HUBER, HANSEN, TODD,
    EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Plaintiffs Penn Engineering &*
*Manufacturing Corp. and PEM Management, Inc.*

(For additional counsel see next page)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., and PEM MANAGEMENT, INC., | Case No. C07 04231 CRB |
| Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| PENINSULA COMPONENTS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

1   ANDREW J. WEILL, State Bar No. 073093
    weill@bwmlaw.com
2   BENJAMIN, WEILL & MAZER
    A Professional Corporation
3   235 Montgomery Street, Suite 760
    San Francisco, California 94104
4   Telephone: (415) 421-0730
5
6   RICHARD A. NEBB, State Bar No. 146239
    rnebb@vierramagen.com
7   VIERRA MAGEN MARCUS & DENIRO LLP
    575 Market Street, Suite 2500
8   San Francisco, CA 94105
    Telephone:  (415) 369-9660
9
10  Attorneys for Defendant
    PENINSULA COMPONENTS, INC.
11  D/B/A PENCOM
12
13  *Attorneys for Defendant*
    *Peninsula Components, Inc.*
14  *d/b/a Pencom*
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

Introduction:

Pursuant to Civil L.R. 16-9(a), the parties to the above-entitled action met and conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure to develop a proposed discovery plan. Accordingly, the parties to the above-entitled action submit this Joint Preliminary Case Management Conference Statement and request the Court to adopt it as its Case Management Order in this case.

Plaintiffs' Additional Statement:[1]

The parties have engaged in settlement discussions for some time, but have not yet agreed on several important issues. On the night of February 20, 2008, one day before this joint statement was due, Defendant Peninsula Components, Inc. ("Pencom") circulated to Plaintiffs Penn Engineering & Manufacturing Corp. and PEM Management, Inc. (collectively, "PEM") a draft stipulation, which Pencom proposed that the parties execute. This stipulation proposed that PEM withdraw its First, Third, and Fourth Claims for Relief, which allege that Pencom has infringed PEM's U.S. Patent Nos. D437,209; D400,430; and D388,316. PEM, however, has not resolved its dispute with Pencom with respect to these claims, and it is not willing to withdraw them.

The stipulation prepared by Pencom also stated that Pencom would agree not to challenge the infringement charges or contest the validity of U.S. Patent Nos. D357,176 and 5,239,135, as set forth in Plaintiffs' Second and Fifth Claims for Relief. As PEM has informed Pencom, if this remains Pencom's position, then PEM does not object to limiting the litigation relating to these patents to the damages that should be awarded as a result of Pencom's infringement.

Defendant's Additional Statement:

In the process of preparing a joint case management conference statement, Pencom attempted to negotiate limitations to the dispute to streamline the action for purposes of

---

[1] On February 13, 2005, Plaintiffs circulated a draft case management statement to Pencom and requested that Pencom provide comments. Plaintiffs did not, however, receive any comments from Pencom on this statement until after 4 p.m. ET on February 21, 2008, the day that this statement was due to be submitted to the Court. Therefore, Plaintiffs have not had a sufficient opportunity to address the numerous new assertions that Pencom makes throughout this report, and they reserve all rights in this regard.

1    promoting settlement and to lessen the burden on the Court.  Plaintiffs refuse to narrow the

2    issues in this litigation at all for any reason at this time, forcing the parties to litigate the entire

3    panoply of claims, regardless of the merits.  Indeed, Pencom believes that certain of the patent

4    infringement claims are entirely without a good faith basis.  Furthermore, for those patent claims

5    with a good faith basis, Defendant has agreed: (i) not to contest the validity of those patents and

6    (ii) not to contest liability for infringement of those patents remaining at issue in the case.  Under

7    Pencom's proposal, the only issues remaining in the case would be the trademark claim and

8    patent damages.  Plaintiffs have rejected this proposal.

9          **1.**    **Jurisdiction and Service:**

10         PEM alleges that Pencom infringes PEM's U.S. patents and trademark.  Therefore, the

11    Court has jurisdiction over all claims for relief pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§

12    1331 and 1338(a).  Because Pencom's principal place of business is located in this district, the

13    Court has personal jurisdiction over the Pencom.  Venue is proper in the Northern District of

14    California under 28 U.S.C. §§ 1391(c) and 1400.  PEM properly served Pencom with the

15    Complaint in this action on August 21, 2007.

16          **2.**    **Facts:**

17         PEM is a designer and manufacturer of "self-clinching fasteners," and owns intellectual

18    property relating to self-clinching fasteners.  Pencom is a competing seller of self-clinching

19    fasteners.

20         PEM filed this action on August 15, 2007, seeking a ruling that Pencom has infringed

21    U.S Patent Nos. 5,239,135; D437,209; D357,176; D388,316; and D400,430 (collectively, the

22    "Patents-in-Suit,") and U.S. Registered Trademark No. 1,400,893 ("the '893 Trademark").  PEM

23    further seeks a ruling that Pencom has engaged in counterfeiting PEM's trademark and otherwise

24    violated PEM's rights under the Lanham Act, 15 U.S.C. § 1125.

25        Defendant's Additional Statement:

26         The parties have agreed, following the Case Management Conference, to conduct one

27    round of written discovery and then to engage in mediation to resolve all claims.  It is Pencom's

28    position that the claims in the Complaint cover areas far in excess of the issues actually in

1    dispute.  Defendant wishes to narrow the issues of this matter to the issues in dispute only.

2    Litigating additional and unnecessary issues appears to be a waste of the Court's time and the

3    resources of the parties.

4        **3.    Legal Issues:**

5        Plaintiffs' Statement:  The legal issues for determination include the proper construction

6    of the claims of the Patents-in-Suit; whether Pencom has infringed the Patents-in-Suit; and

7    whether Pencom has infringed the '893 Trademark.  Pencom's assertion below that, with respect

8    to PEM's First, Third, and Fourth Claims for Relief, Pencom has "dispelled" these claims

9    "through comprehensive informal discovery and negotiations with PEM" is not accurate.

10       PEM does not object to Pencom's proposal not to challenge the infringement charges or

11   contest the validity of U.S. Patent Nos. D357,176 and 5,239,135, as set forth in Plaintiffs'

12   Second and Fifth Claims for Relief, and to limit the litigation relating to these patents to the

13   damages that should be awarded as a result of Pencom's infringement.

14       Defendant's Statement:

15       Pencom has proposed a stipulation to narrow many of the issues in the Complaint.  A

16   draft copy of Pencom's proposed Stipulation and [Proposed] Order is attached to this statement.

17   Not only would this benefit the Court by removing all substantive issues as to liability under the

18   patent claims, thereby streamlining the action, but it would give the parties a reasonable set of

19   issues upon which to conduct its first round of discovery and mediation.  Defendant wishes to

20   give the parties the best possible chance of settlement through mediation.  Narrowing the issues

21   is a highly effective method and should be used in this case.

22       Defendant's proposal is to limit this action to those issues with a basis in fact for the

23   Court.  Currently, there are eight claims in the Complaint: five for patent infringement, two

24   related to trademark infringement, and one for counterfeiting, which is factually identical to the

25   trademark claim.  Of the patent claims, Pencom believes it has dispelled three of the five,

26   through comprehensive informal discovery and negotiations with PEM.  Of the remaining two

27   patent claims, for judicial economy and to save Pencom the cost and expense of litigation,

28   Pencom has proposed not to contest validity or liability for infringement.  In order to preserve its

rights, Pencom would make this agreement without admitting liability.  This would leave the issue of damages only.

For purposes of the patent infringement, Pencom believes that the only legal question is one of a "reasonable royalty" for the allegedly infringing sales. Pencom believes the evidence will show that the highest approximate value of sales of all "accused parts" is $70,000.  PEM received the relevant documentation from Pencom to make this calculation itself.  Pencom believes that all that is left to calculate is a reasonable royalty.  The amount in issue simply does not warrant extensive litigation.

On the trademark claims and counterfeit claim, the legal issues that remain are: whether the PEM mark is enforceable, whether Pencom is liable for infringement, and what damages, if any, for which Pencom is responsible.  The counterfeit claim is effectively identical to PEM's trademark claim.

**4.    Motions:**

No motions have been filed in this case.

**5.    Amendment of Pleadings:**

Plaintiffs' Statement:    PEM does not currently plan on amending the pleadings, but reserves the right to amend its pleadings upon obtaining discovery in this case.

Defendant's Statement:

Pencom's proposed Stipulation contemplated a mutual amendment of the pleadings to conform to the Stipulation if and only if mediation was unsuccessful.  Pencom remains willing to amend its answer to narrow issues (*i.e.,* not to contest validity or infringement of certain patents), subject to PEM's agreement to remove claims that have no good faith basis.

**6.    Evidence Preservation:**

Counsel for the parties have discussed the implementation of appropriate steps to preserve evidence and each party has undertaken efforts to preserve relevant evidence.

**7.    Disclosures:**

1      <u>Plaintiffs' Statement</u>:  PEM served its initial disclosures on Pencom on November 14,

2   2007.  Pencom has not yet served *any* disclosures on PEM, as required by the Federal Rules of

3   Civil Procedure.

4          In its initial disclosures, PEM notified Pencom as follows:

5   - Pencom is entitled to a reasonable royalty on Pencom's unlicensed sales of products that
      infringe PEM's patents during the past six years.  The amount of a reasonable royalty and
6      the amount of Pencom's unlicensed infringing sales are topics for discovery.

7
    - To the extent that discovery reveals that PEM suffered other harm, including but not
8      limited to lost sales and profits, PEM reserves the right to seek actual and exemplary
      damages.
9

10  - PEM is entitled to receive Pencom's profits, and damages sustained by PEM and the
      costs of this action, resulting from Pencom's unlicensed sales of products that infringe
11     PEM's trademark.  The amount of Pencom's profits and PEM's damages are topics for
      discovery.  PEM also notified Pencom that PEM reserves the right to seek statutory or
12     exemplary damages to which the evidence shows PEM to be entitled.

13

14     Defendant's statements below that PEM is now required to "update its initial disclosures"

15  lacks merit; the parties have not yet engaged in any formal discovery, and PEM is thus not yet in

16  a position to provide any additional information relating to its damages claims.

17     Defendant's Statement:

18     Defendant Pencom has requested that PEM update its initial disclosures to include a

19  damages analysis, as required under FRCP 26(a)(1)(A)(3).  Pencom believes this analysis is

20  essential to promote further negotiations and the mediation will be virtually useless without it.

21  Pencom has supplied PEM with relevant documents related to the sales information of the

22  relevant claims (including those no longer at issue in the litigation) during informal discovery.

23  Pencom believes that there is no reason PEM cannot update its initial disclosures at this time.

24

25

26

27

28

**8.    <u>Discovery</u>:**

<u>Plaintiffs' Statement</u>:

To date, PEM has refrained from conducting any discovery in the instant action to allow settlement negotiations to proceed.  Plaintiff PEM believes that discovery will be needed on the issues raised by the pleadings, specifically including the following topics:

- The proper construction of the claims of the Patents-in-Suit;
- Whether Pencom has infringed the Patents-in-Suit;
- Whether Pencom has infringed the '893 Trademark;
- Whether Pencom has counterfeited the '893 Trademark;
- Whether Pencom has infringed PEM's trade dress;
- Pencom's sales of infringing products; and
- Damages resulting from Pencom's sales of infringing products.

PEM believes discovery should not be conducted in phases or focused upon particular issues.

PEM proposes that each side shall be limited to taking 100 hours of deposition testimony. PEM proposes that each party may issue 25 interrogatories in total, as provided in Fed. R. Civ. Proc. 33(a).

While PEM anticipates that the discovery limits set forth above will be adequate to permit the parties to prepare their respective cases, it does not waive and it expressly reserves the right to seek modification by the Court for good cause shown.

PEM's proposed discovery plan is attached hereto as Exhibit A.

<u>Defendant's Statement</u>:

Defendant Pencom believes the discovery proposed by PEM is unnecessary and will provide nothing of benefit for this litigation.  Specifically, all discovery into validity of patents and claim construction is entirely unnecessary.  Defendant Pencom wishes to narrow the issues of this litigation to the areas that are truly in dispute before the Court.  Discovery into additional areas is wasteful.  Defendant proposes that discovery be limited to:

- Whether PEM's trademark is enforceable;

- Whether Pencom is liable for counterfeiting of PEM's trademark;

- Whether Pencom is liable for infringement of PEM's trademark or tradedress;

- What damages, if any, for which Pencom may be liable under Claims Six through Eight; and

- What damages, if any, for which Pencom may be liable under Claims Two and Five.

Pencom believes that the case should be narrowed to meet the parties' interests and to facilitate speedy resolution.  If the case is not so limited, however, Pencom believes that discovery should be segmented with those issues listed above in this paragraph remaining topics for the first round of discovery and any other issues remaining being discovered after the scheduled mediation.

Pencom has taken PEM's discovery plan and revised it to show the streamlined version of the schedule if Pencom's proposed Stipulation is adopted.  It is attached as Exhibit B.

**9.     Class Actions:**

This is not a class action.

**10.     Related Cases:**

PEM has brought suit against six unrelated defendants in the District Court for the District of Nevada on November 13, 2007.  *See Penn Engineering & Manufacturing Corp. v. Shanghai Jingyang Import & Export Co., Ltd.*, 2:07-cv-01505 (D. Nev.).   That suit claims infringement of PEM's trademarks and patents, including the '893 Trademark and the '209, '176, and '430 patents, among others.

**11.     Relief:**

Plaintiffs' Statement:

PEM seeks a reasonable royalty on Pencom's unlicensed sales of products that infringe the Patents-in-Suit during the past seven years.  In the event that additional evidence uncovered during the discovery period shows that PEM suffered other harm, such as lost sales and/or

profits, PEM reserves the right to seek the actual and exemplary damages, including Pencom's total profit on infringing designs, to which the evidence shows PEM to be entitled.

PEM also seeks damages, at least in the amount of Pencom's profits, and damages sustained by PEM and the costs of this action resulting from Pencom's unlicensed sales of products that infringe PEM's trademark. PEM reserves the right to seek statutory or exemplary damages to which the evidence shows them to be entitled. PEM also seeks injunctive relief to stop further patent and trademark infringement by Pencom and destruction of all remaining inventory that infringes PEM's intellectual property.

Defendant's Statement:

Pencom believes the dollar value of this lawsuit is minimal. Relevant sales information has been provided to PEM. PEM was free to obtain additional information if it believed it necessary and did not. Pencom believes that other than a minor amount for reasonable royalty on allegedly infringing parts, no further relief is appropriate.

**12.    Settlement and ADR:**

The parties have stipulated to private mediation after document discovery in this matter, and the Court issued an order approving that stipulation on November 5, 2007.

**13.    Consent to Magistrate Judge for All Purposes:**

PEM has not agreed to consent to a magistrate judge for all purposes.

**14.    Other References:**

The parties agree that this case is not suitable for reference to binding arbitration or a special master.

**15.    Narrowing of Issues:**

Plaintiffs' Statement:

Although the parties have discussed settlement, several issues remain outstanding. Accordingly, it is PEM's position that the parties have not yet identified any issues that can be narrowed by agreement or motion at this time. PEM does not object, however, to Pencom's proposal that litigation relating to Plaintiffs' Second and Fifth Claims for Relief, be limited to the

1    damages that should be awarded as a result of Pencom's infringement of U.S. Patent Nos.
2    D357,176 and 5,239,135.
3        Defendant's Statement:
4        Please refer to the foregoing paragraphs for explanation of what narrowing of the issues
5    that Pencom believes is possible and necessary in this case.
6    **16.    Expedited Schedule:**
7        The parties agree that this case is not appropriate for expedited scheduling.
8    **17.    Scheduling:**
9    Plaintiffs' Statement:
10    PEM's proposed schedule is attached hereto as Exhibit A.
11    Defendant's Statement:
12    Defendant's proposed schedule is attached as Exhibit B.
13    **18.    Trial:**
14    PEM has demanded a jury for the trial of this action.
15    **19.    Disclosure of Non-party Interested Entities or Persons:**
16        Pursuant to Civil L.R. 3-16, PEM filed the "Certification of Interested Entities or
17    Persons" contemporaneously with the filing of its Complaint on August 15, 2007. Pencom filed
18    its certification on November 28, 2007, which was refiled on December 18, 2008 at the request
19    of the electronic filing service of the court.

20    **20.    Such other matters as may facilitate the just, speedy and inexpensive**
21        **disposition of this matter:**
22
23        (a)    Electronically Stored Information
24        The parties agree that relevant information is likely to be electronically stored, and agree
25    to endeavor to produce electronically stored information (including emails and electronic
26    documents) and financial records in its native format  (including formats such as WordPerfect,
27    Microsoft Word, Excel, PowerPoint, Acrobat PDF, tiff and other off-the-shelf application and
28    those in proprietary formats) to the extent practicable.  To the extent information cannot be

1   produced in its native format, the parties agree to produce such information in searchable .tiff or

2   .pdf format accompanied by an appropriate Concordance or Summation load file, as the parties

3   may request.

4             (b)     Protection of Privilege and Work Product

5         The parties agree to incorporate the following provision into a Stipulated Protective

6   Order governing the production of sensitive materials:

> Inadvertent or unintentional production of privileged documents
> shall not constitute a waiver of the attorney-client privilege or
> attorney work product doctrine as they apply to those documents
> specifically or the subject matter of those documents generally. If
> a party produces documents that it believes should have been
> withheld as privileged, such party shall provide a written request
> for the return of those documents within a reasonable time after
> having actual knowledge that said documents have been produced.
> The receiving party must then return those documents, along with
> any copies thereof, to the producing party within ten (10) calendar
> days of receiving such notice. The receiving party may challenge
> the privileged nature of the recalled documents by filing a motion
> with the Court and requesting in camera review of the documents
> in question.

          (c)     Other Orders That Could Be Entered By the Court under Rule 26(c) or
Rule 16(b) and (c).

      Each of the parties believes that information relevant to the pleadings herein is of a

highly confidential nature relating to their respective enterprises. Accordingly, the parties will

seek entry of a Stipulated Protective Order governing the disclosure of such information.

      **21.**     **Information Required Under Patent Local Rule 2-1:**

      <u>Plaintiffs' Statement</u>:

          (a) PEM does not propose modification of any of the deadlines provided for in the

Patent Local Rules;

          (b) At this time, PEM does not foresee a need for the Court to hear live testimony

at the Claim Construction Hearing;

          (c) At this time, PEM does not foresee a need for the Court to establish specific

limits on discovery relating to claim construction;

(d)  At the Claim Construction Hearing, PEM proposes that Plaintiffs will present their position; Defendant will present its position; and Plaintiffs will, as appropriate, present their rebuttal position.; and

(e)  If the Court deems it appropriate, PEM proposes that a Claim Construction Prehearing Conference be held during the week of October 20, 2008.

Defendant's Statement:

Pencom believes that its proposed Stipulation effectively eliminates the necessity for the Patent Local Rules.  As such, this information would be unnecessary.  Please refer to paragraph 8 regarding discovery for additional information.

1

2  Dated: February 21, 2008                          Respectfully submitted,

3                                          /s/
                                          _____
4                                          Daniel J. Bergeson, State Bar No. 105439
                                          dbergeson@be-law.com
5                                          Donald P. Gagliardi State Bar No. 138979
                                          dgagliardi@be-law.com
6                                          BERGESON, LLP
                                          303 Almaden Boulevard, Suite 500
7                                          San Jose, CA 95110-2712
                                          Telephone: (408) 291-6200
8                                          Facsimile: (408) 297-6000

9                                          Mark C. Hansen
                                          Rebecca A. Beynon, *pro hac vice*
10                                         Kevin B. Huff
                                          KELLOGG, HUBER, HANSEN,
11                                             TODD, EVANS & FIGEL, PLLC
                                          1615 M Street, NW, Suite 400
12                                         Washington, DC 20036

13
                                          *Counsel for Plaintiffs Penn Engineering &*
14                                         *Manufacturing Corp. and PEM Management, Inc.*

15

16                                         /s/
                                          _____
17                                         Andrew J. Weill, State Bar No. 073093
                                          weill@bwmlaw.com
18                                         BENJAMIN, WEILL & MAZER
                                          A Professional Corporation
19                                         235 Montgomery Street, Suite 760
                                          San Francisco, California 94104
20                                         Telephone: (415) 421-0730

21                                         *Attorneys for Defendant*
22                                         *Peninsula Components, Inc.*
                                          *d/b/a Pencom*
23

24

25

26

27

28

**EXHIBIT A**

**PEM's Proposed Case Discovery Plan[2]**

| Event | PEM's Proposed Date |
|---|---|
| Case Management Conference | February 29, 2008 |
| PEM to Serve Disclosure of Asserted Claims and Preliminary Infringement Contentions for Patents-in-Suit | March 10, 2008 |
| Parties Endeavor to Complete Document Productions | March 28, 2008 |
| Mediation Conducted | Week of March 31 or April 7, 2008 |
| Pencom to Serve Preliminary Invalidity Contentions | April 24, 2008 |
| Parties to Exchange Proposed Terms and Claim Elements for Construction | May 5, 2008 |
| Parties to Exchange Preliminary Claim Constructions and Extrinsic Evidence | May 25, 2008 |
| Parties to file Joint Claim Construction and Prehearing Statement (Including Points of Novelty) | July 7, 2008 |
| Parties Complete Claim Construction Discovery | August 6, 2008 |
| Opening Claim Construction Briefs Filed | September 22, 2008 |
| Responsive Claim Construction Briefs Filed | October 1, 2008 |
| Replies in Support of Claim Construction Brief Filed | October 8, 2008 |
| Claim Construction Prehearing Conference | Week of October 20, 2008 (if the Court deems appropriate) |
| Claim Construction Hearing | Week of October 27, 2008 |
| Fact Discovery Cut-Off | November 28, 2008 |
| Parties to Serve Expert Disclosures | December 8, 2008 |

---

[2] PEM reserves the right to modify these deadlines to accommodate Patent L.R. 3-5 should it become necessary.

| Event | PEM's Proposed Date |
|---|---|
| Parties to Serve Rebuttal Expert Disclosures | January 8, 2009 |
| Expert Discovery Cutoff | February 2, 2009 |
| Parties to File Dispositive Motions and *Daubert* Motions | February 23, 2009 |
| Parties to Identify Trial Witnesses and Trial Exhibits | March 9, 2009 |
| Parties to file Motions *in limine* | April 8, 2009 |
| Pretrial Conference | April 8, 2009 |
| Jury Selection | April 9, 2009 |
| Trial | April 16, 2008 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**Defendant's Streamlined Proposed Case Discovery Plan**

| Event | Defendant's Proposed Date |
|---|---|
| Case Management Conference | February 29, 2008 |
| Initial Disclosures Completed | March 10, 2008 |
| ~~PEM to Serve Disclosure of Asserted Claims and Preliminary Infringement Contentions for Patents-in-Suit~~ | ~~March 10, 2008~~ |
| Parties Endeavor to Complete Document Productions | March 28, 2008 |
| Mediation Conducted | Week of March 31 or April 7, 2008 |
| ~~Pencom to Serve Preliminary Invalidity Contentions~~ | ~~April 24, 2008~~ |
| ~~Parties to Exchange Proposed Terms and Claim Elements for Construction~~ | ~~May 5, 2008~~ |
| ~~Parties to Exchange Preliminary Claim Constructions and Extrinsic Evidence~~ | ~~May 25, 2008~~ |
| ~~Parties to file Joint Claim Construction and Prehearing Statement (Including Points of Novelty)~~ | ~~July 7, 2008~~ |
| ~~Parties Complete Claim Construction Discovery~~ | ~~August 6, 2008~~ |
| ~~Opening Claim Construction Briefs Filed~~ | ~~September 22, 2008~~ |
| ~~Responsive Claim Construction Briefs Filed~~ | ~~October 1, 2008~~ |
| ~~Replies in Support of Claim Construction Brief Filed~~ | ~~October 8, 2008~~ |
| ~~Claim Construction Prehearing Conference~~ | ~~Week of October 20, 2008 (if the Court deems appropriate)~~ |
| ~~Claim Construction Hearing~~ | ~~Week of October 27, 2008~~ |
| Fact Discovery Cut-Off | November 28, 2008 |
| Parties to Serve Expert Disclosures | December 8, 2008 |
| Parties to Serve Rebuttal Expert Disclosures | January 8, 2009 |
| Expert Discovery Cutoff | February 2, 2009 |

3

| Event | Defendant's Proposed Date |
|---|---|
| Parties to File Dispositive Motions ~~and *Daubert* Motions~~ | February 23, 2009 |
| Parties to Identify Trial Witnesses and Trial Exhibits | March 9, 2009 |
| Parties to file Motions *in limine* | April 8, 2009 |
| Pretrial Conference | April 8, 2009 |
| Jury Selection | April 9, 2009 |
| Trial | April 16, 2009 |

ANDREW J. WEILL, State Bar No. 073093
weill@bwmlaw.com
BENJAMIN, WEILL & MAZER
A Professional Corporation
235 Montgomery Street, Suite 760
San Francisco, California 94104
Telephone: (415) 421-0730

RICHARD A. NEBB, State Bar No. 146239
rnebb@vierramagen.com
VIERRA MAGEN MARCUS & DENIRO LLP
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone:  (415) 369-9660

Attorneys for Defendant
PENINSULA COMPONENTS, INC.
D/B/A PENCOM

DRAFT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., and PEM MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PENINSULA COMPONENTS, INC., <br><br> Defendant. | ) Case No. C07 04231 CRB <br> ) <br> ) **STIPULATION AND [PROPOSED]** <br> ) **ORDER TO LIMIT ISSUES AND TO** <br> ) **AMEND PLEADINGS** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STIPULATION

The parties hereby stipulate and agree as follows:

1.     The parties are scheduled to be present for a February 29, 2008 Case Management Conference before this Court at 8:30 a.m. Since the parties' last correspondence with the Court on January 31, 2008, which was a request for

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

1  continuation, settlement negotiations have continued.  The parties have not yet

2  resolved the matter entirely, but feel that they have partially agreed on several

3  areas of the litigation to narrow some of the issues.  They submit this stipulation

4  for approval to conform to these agreed limitations.

5      2.    Following the Case Management Conference, the parties are expected

6  to engage in one round of written discovery.  It will serve the parties' interests to

7  limit that discovery to those issues the parties agree remain in dispute only.

8  Following that round of written discovery, the parties have agreed that mediation

9  would be beneficial to assist in negotiating the few issues that remain

10  outstanding, thereby settling the entire dispute.  For these reasons, this

11  stipulation to limit the causes of action at issue would aid in the mediation,

12  benefit the parties, and lessen the burden on this Court.

13      3.    The August 16, 2007 complaint filed by Plaintiffs ("Complaint")

14  raises causes of action for patent infringement (first through fifth claims),

15  trademark infringement (sixth and seventh claims), and counterfeiting (eighth

16  claim).

17      4.    Through negotiations and by way of the informal exchange of

18  documents and things, the parties have agreed that Defendant's CV fasteners, CE

19  fasteners, and part numbers PR2901 and PR3349 do not infringe any of Plaintiffs'

20  patent numbers D437,209, D400,430, and D388,316.  This agreement resolves

21  entirely Plaintiffs' First, Third and Fourth Claims For Relief.  The parties agree

22  that patent number(s) D437,209, D400,430, and D388,316 are not at issue in this

23  litigation, and Plaintiffs agree to withdraw these Claims.

24      5.    For purposes of this litigation, and without admitting liability,

25  Defendant agrees not to challenge the infringement charges or contest the validity

26  for the remaining patents, including specifically D357,176 and 5,239,135,

27  invoked by Plaintiffs in their Complaint.  Defendant has determined that the

28

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

1 expense of defending against infringement charges and/or litigating validity of
2 these patents far exceeds any benefit it might obtain at trial.  Defendant therefore
3 agrees not to challenge the validity of any the patents listed above that are the
4 subject matter of Plaintiffs' Second and Fifth Claims For Relief, and Defendant
5 agrees to withdraw any allegations of invalidity.

6       6.     The parties agree that the above paragraphs eliminate any and all
7 patent claims raised by Plaintiffs in their Complaint, except for the issue of
8 damages.  The parties agree that the issue of damages remains for claims two and
9 five only.  Accordingly, the parties believe that the Local Patent Rules for the
10 Northern District of California should not apply to this litigation and request that
11 the Court confirm that such rules are no longer applicable to this case.

12       7.     The parties agree that claims six through eight, relating to
13 allegations of trademark infringement and counterfeiting, remain unchanged by
14 this Stipulation.

15       8.     To summarize, the following is the disposition of the Claims of the
16 Complaint as of the signing of this Stipulation and Order:

| Claim # | Subject Matter | Current Disposition |
|---------|----------------|---------------------|
| 1 | '209 Patent | No infringement, claim to be dismissed |
| 2 | '176 Patent | Only damages issue remains |
| 3 | '316 Patent | No infringement, claim to be dismissed |
| 4 | '430 Patent | No infringement, claim to be dismissed |
| 5 | '135 Patent | Only damages issue remains |
| 6 | Trademark | Remains unchanged |
| 7 | Trademark | Remains unchanged |
| 8 | Counterfeiting | Remains unchanged |

9.    The parties agree that for purposes of the initial round of written discovery, which shall take place prior to the stipulated mediation, all discovery shall be limited to the claims remaining at issue in light of this Stipulation.

10.    In the event that the parties are unable to settle this dispute prior to or during mediation, the parties agree to amend their pleadings to accord with this Stipulation within one month of the conclusion of the mediation.  Time did not permit the parties to amend the pleadings in advance of the Case Management Conference.

Respectfully submitted,

Dated: February __, 2008

_____
Andrew J. Weill, State Bar No. 073093
BENJAMIN, WEILL & MAZER
A Professional Corporation
Attorneys for Defendant
PENINSULA COMPONENTS, INC.
D/B/A PENCOM

Dated: February __, 2008

_____
Rebecca A. Beynon (Pro Hac Vice)
KELLOGG, HUBER, HANSEN, TODD, EVANS &
FIGEL, P.L.L.C.
Attorneys for Plaintiffs
PENN ENGINEERING & MANUFACTURING
CORP., and PEM MANAGEMENT, INC.

## [PROPOSED] ORDER

Pursuant to the foregoing Stipulation submitted by the parties, IT IS SO ORDERED.

Dated: February _____, 2008

_____
Honorable Charles R. Breyer

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730