ANDREW J. WEILL (SBN 073093)
weill@bwmlaw.com
CAROLYN M. LEE (SBN 249889)
lee@bwmlaw.com
BENJAMIN, WEILL & MAZER
A Professional Corporation
235 Montgomery Street, Suite 760
San Francisco, California 94104
Telephone: (415) 421-0730

RICHARD A. NEBB (SBN146239)
mebb@vierramagen.com
VIERRA MAGEN MARCUS & DENIRO LLP
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone: (415) 369-9660

Attorneys for Defendant
PENINSULA COMPONENTS, INC.
D/B/A PENCOM

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., and PEM MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PENINSULA COMPONENTS, INC., <br><br> Defendant. | Case No. C07 04231 CRB <br><br> **FIRST AMENDED ANSWER OF DEFENDANT PENINSULA COMPONENTS, INC.** |

Defendant PENINSULA COMPONENTS, INC., dba PENCOM, a California corporation ("Defendant") hereby answers the unverified Amended Complaint For Patent Infringement, Trademark Infringement, And Counterfeiting ("Complaint")

---

FIRST AMENDED ANSWER OF DEFENDANT
PENINSULA COMPONENTS, INC.
Case No. 07-04231 (CRB)

1

of Plaintiffs PENN ENGINEERING & MANUFACTURING CORP., a Delaware corporation, and PEM MANAGEMENT, INC., ("Plaintiffs") as follows:

1. On information and belief, Defendant admits the allegations in Paragraph 1 of the Complaint.

2. On information and belief, Defendant admits that Plaintiffs are incorporated in Delaware with headquarters in Danboro, Pennsylvania. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

3. Answering Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant admits it is a California corporation with its principal place of business in San Carlos, CA. Defendant further admits it was founded in 1982 and manufactures and sells a variety of product fasteners.

5. Answering Paragraph 5 of the Complaint, Defendant admits said paragraph asserts that this is an action pursuant to 15 U.S.C. § 1121 and 38 U.S.C. §§ 1331 and 1338, and that this Court has subject matter jurisdiction over this action, which states a legal conclusion to which no response is required. To the extent that any assertion in Paragraph 5 is deemed factual, Defendant denies the allegation of Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Defendant admits this Court has personal jurisdiction over Defendant.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required.

8. Answering Paragraph 8 of the Complaint, Defendant admits that, pursuant to Civil L.R. 3-29(c), this action is an Intellectual Property action to be assigned on a District-wide basis.

## BACKGROUND

9. Answering Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the

1  allegations contained in said paragraph, and on that basis denies each and every
2  allegation contained therein.
3      15. Answering Paragraph 15 of the Complaint, Defendant is without
4  sufficient knowledge or information to form a belief as to the truth of the
5  allegations contained in said paragraph, and on that basis denies each and every
6  allegation contained therein.
7      16. Answering Paragraph 16 of the Complaint, Defendant is without
8  sufficient knowledge or information to form a belief as to the truth of the
9  allegations contained in said paragraph, and on that basis denies each and every
10 allegation contained therein.
11     17. Answering Paragraph 17 of the Complaint, Defendant is without
12 sufficient knowledge or information to form a belief as to the truth of the
13 allegations contained in said paragraph, and on that basis denies each and every
14 allegation contained therein.
15     18. Answering Paragraph 18 of the Complaint, Defendant is without
16 sufficient knowledge or information to form a belief as to the truth of the
17 allegations contained in said paragraph, and on that basis denies each and every
18 allegation contained therein.
19     19. Answering Paragraph 19 of the Complaint, Defendant admits Defendant
20 sells fasteners. Except as so admitted, Defendant denies each and every allegation
21 contained in said paragraph.
22     20. Answering Paragraph 20 of the Complaint, Defendant admits that
23 Defendant sells fasteners to customers either directly or through distributors.
24     21. Answering Paragraph 21 of the Complaint, Defendant denies each and
25 every allegation contained therein.
26     22. Answering Paragraph 22 of the Complaint, Defendant admits it received
27 correspondence dated June 14, 2006 from Plaintiffs alleging that its intellectual
28

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

property rights "appear to be violated." Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

23. Answering Paragraph 23 of the Complaint, Defendant admits there was correspondence dated May 8, 2007, and June 11, 2007, between the parties related to these matters. With regard to a May 18, 2007, communication, Defendant is without sufficient knowledge or information to form a belief as to the truth of the existence of this communication and on that basis denies it exists. Defendant denies each and every allegation contained in Paragraph 23 that Defendant has not disputed that its products infringe either of the aforementioned patents.

24. Answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. D437,209

25. Answering Paragraph 25 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 24 above.

26. Answering Paragraph 26 of the Complaint, Defendant admits that the U.S. Patent No. D437,209 ("the '209 patent"), attached as Exhibit A to the Complaint, indicates on its face that the United States Patent and Trademark Office ("PTO") issued to Plaintiffs the '209 patent on February 6, 2001. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

27. Answering Paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Defendant admits that Defendant offers fasteners for sale under product identifier "CV." Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

30. Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. D357,176

33. Answering Paragraph 33 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 32 above.

34. Answering Paragraph 34 of the Complaint, Defendant admits that the U.S. Patent No. D357,176 ("the '176 patent"), attached as Exhibit B to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '176 patent on April 11, 1995. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendant admits Defendant offers for sale fasteners under the product identifier "CC." Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

38. Answering Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

39. Answering Paragraph 39 of the Complaint, Defendant admits it offers a "CC" fastener using product identifier "PFC2." Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

40. Answering Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

### THIRD CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. D388,316

41. Answering Paragraph 41 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 40 above.

42. Answering Paragraph 42 of the Complaint, Defendant admits that the U.S. Patent No. D388,316 ("the '316 patent"), attached as Exhibit C to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '316 patent on December 30, 1997. Except as admitted herein, Defendant is without sufficient

knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

43. Answering Paragraph 43 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

45. Answering Paragraph 45 of the Complaint, Defendant admits that Defendant makes, uses, sells, offers to sell or imports fasteners in the United States under the product identifiers PR2901 and PR3349. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

46. Answering Paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

47. Answering Paragraph 47 of the Complaint, Defendant denies each and every allegation contained therein.

48. Answering Paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

**FOURTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. D400,430**

49. Answering Paragraph 49 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 48 above.

50. Answering Paragraph 50 of the Complaint, Defendant admits that the U.S. Patent No. D400,430 ("the '430 patent"), attached as Exhibit D to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '430 patent

FIRST AMENDED ANSWER OF DEFENDANT
PENINSULA COMPONENTS, INC.
Case No. 07-04231 (CRB)

8

on November 3, 1998. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

51. Answering Paragraph 51 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

52. Answering Paragraph 52 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

53. Answering Paragraph 53 of the Complaint, Defendant admits that Defendant makes, uses, sells, offers to sell or imports fasteners in the United States under Defendant's "CE" product line. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

54. Answering Paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

55. Answering Paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56. Answering Paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 5,239,135.

57. Answering Paragraph 57 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 56 above.

58. Answering Paragraph 58 of the Complaint, Defendant admits that the U.S. Patent No. 5,239,135 ("the '135 patent"), attached as Exhibit E to the

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

Complaint, indicates on its face that the PTO issued to Plaintiffs the '135 patent on August 24, 1993. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

59. Answering Paragraph 59 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

60. Answering Paragraph 60 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

61. Answering Paragraph 61 of the Complaint, Defendant admits that it makes, uses, sells, offers to sell, or imports fasteners in the United States under the product identifier "NK." Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

62. Answering Paragraph 62 of the Complaint, Defendant denies each and every allegation contained therein.

63. Answering Paragraph 63 of the Complaint, Defendant denies each and every allegation contained therein.

64. Answering Paragraph 64 of the Complaint, Defendant denies each and every allegation contained therein.

## SIXTH CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. TRADEMARK NOS. 1,400,893 AND 3,404,061

65. Answering Paragraph 65 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 64 above.

66. Answering Paragraph 66 of the Complaint, Defendant admits that the U.S. Trademark No. 1,400,893 (the "'893 trademark"), attached as Exhibit F to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '893 trademark on July 15, 1986. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said trademark, and on that basis denies each and every allegation contained therein.

67. Answering Paragraph 67 of the Amended Complaint, Defendant admits that the U.S. Trademark No. 3,404,061 (the "'061 trademark"), attached as Exhibit G to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '061 trademark on April 1, 2008. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said trademark, and on that basis denies each and every allegation contained therein.

68. Answering Paragraph 68 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

69. Answering Paragraph 69 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

70. Answering Paragraph 70 of the Complaint, Defendant admits that Defendant offers for sale and sells fasteners in the United States fasteners under the product identifiers "NA" and "NAL," with part numbers PR2259 and others. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

71. Answering Paragraph 71 of the Complaint, Defendant denies each and every allegation contained therein.

72. Answering Paragraph 72 of the Complaint, Defendant denies each and every allegation contained therein.

73. Answering Paragraph 73 of the Complaint, Defendant denies each and every allegation contained therein.

74. Answering Paragraph 74 of the Complaint, Defendant denies each and every allegation contained therein.

### SEVENTH CLAIM FOR RELIEF
### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

75. Answering Paragraph 75 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 74 above.

76. Answering Paragraph 76 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

77. Answering Paragraph 77 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

78. Answering Paragraph 78 of the Complaint, Defendant denies each and every allegation contained therein.

79. Answering Paragraph 79 of the Complaint, Defendant denies each and every allegation contained therein.

80. Answering Paragraph 80 of the Complaint, Plaintiff states a legal conclusion that requires no answer. To the extent that any assertion in Paragraph 80 is deemed factual, Defendant denies the allegation of Paragraph 80.

## EIGHTH CLAIM FOR RELIEF

## COUNTERFEITING OF U.S. TRADEMARK NOS. 1,400,893 AND 3,404,061

81. Answering Paragraph 81 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 - 80 above.

82. Answering Paragraph 82 of the Complaint, Defendant admits that the U.S. Trademark No. 1,400,893 (the "'893 trademark"), attached as Exhibit F to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '893 trademark on July 15, 1986. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

83. Answering Paragraph 83 of the Complaint, Defendant admits that the U.S. Trademark No. 3,404,061(the "'061 trademark"), attached as Exhibit G to the Complaint, indicates on its face that the PTO issued to Plaintiffs the '061 trademark on April 1, 2008. Except as admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the legality or validity of said patent, and on that basis denies each and every allegation contained therein.

84. Answering Paragraph 84 of the Complaint, Defendant denies each and every allegation contained therein.

85. Answering Paragraph 85 of the Complaint, Defendant denies each and every allegation contained therein.

86. Answering Paragraph 86 of the Complaint, Defendant denies each and every allegation contained therein.

87. Answering Paragraph 87 of the Complaint, Defendant denies each and every allegation contained therein.

88. Answering Paragraph 88 of the Complaint, Defendant denies each and every allegation contained therein.

89. Answering Paragraph 89 of the Complaint, Defendant denies each and every allegation contained therein.

90. Answering Paragraph 90 of the Complaint, Defendant denies each and every allegation contained therein.

91. Answering Paragraph 91 of the Complaint, Plaintiffs state a legal conclusion that does not require a response. To the extent that any assertion in Paragraph 91 is deemed factual, Defendant denies the allegation of Paragraph 91.

92. Answering Paragraph 92 of the Complaint, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

93. Based on the information presently available to it, or information believed to be available after a reasonable opportunity for further investigation and discovery, Defendant alleges the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Noninfringement)

94. Defendant does not infringe, and has not directly or indirectly infringed any claim of the '209, '176, '316, '430, and '135 patents.

95. Defendant does not infringe either the '893 trademark or the '061 trademark.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

96. Defendant states that the Complaint and each cause of action stated therein are barred by the doctrine of unclean hands.

////

////

////

### THIRD AFFIRMATIVE DEFENSE

#### (Laches)

97. Plaintiffs' claims for relief are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure To Mark)

98. Plaintiffs' claims for relief for infringement are barred in whole or in part for failure to comply with the requirements of 35 U.S.C. § 287 and/or 15 U.S.C. § 1111.

### FIFTH AFFIRMATIVE DEFENSE

#### (Trademark Not Distinctive)

99. Plaintiffs' claims for relief for infringement of the '893 trademark and the '061 trademark are barred in whole or in part for failure to comply with 15 U.S.C. § 1052 *et. seq.*

### SIXTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy At Law)

100. Plaintiffs' claims for injunctive relief, declaratory relief, and/or restitution are barred in light of the fact that Plaintiffs have adequate remedies at law.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure To Mitigate Damages)

101. If Plaintiffs suffered any damages, they failed to mitigate damages.

////

////

////

## EIGHTH AFFIRMATIVE DEFENSE

### (Invalidity of Patents)

102. Plaintiffs' claims for relief for infringement of U.S. Patent Nos. 5,239,135, D388,316 and D400,430 are barred because the patents are invalid under Section 102 and/or Section 103 of Title 35 of the United States Code.

## NINTH AFFIRMATIVE DEFENSE

### (Invalidity of Trademarks)

103. Plaintiffs' claims for relief for infringement of U.S. Reg. No. 1,400,893 and U.S. Reg. No. 3,404,061 are barred since the marks recited in these registrations are functional and therefore the registrations are invalid under Section 1115 of Title 15 of the United States Code.

## TENTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

104. Plaintiffs' claims for relief for infringement of U.S. Patent No. 5,239,135 are barred because of the inequitable conduct by plaintiff in failing to cite its own relevant prior art in accord with 37 CFR 1.56 to the United States Patent & Trademark Office during prosecution of the '135 patent, namely: (i) PEM Self-Clinching Nut; page 256 excerpted from *Fasteners Handbook*, Julius Soled, © 1957 Reinhold Publishing Corp., and (ii) PEM Self-Clinching Floating Fastener; two pages excerpted from the file wrapper of U.S. Trademark Registration No. 1,400,893; *PEM Self-Clinching Floating Fasteners*, Bulletin ALA-683, © 1975 Penn Engineering & Manufacturing Corp.

////

////

FIRST AMENDED ANSWER OF DEFENDANT
PENINSULA COMPONENTS, INC.
Case No. 07-04231 (CRB)

16

## ELEVENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses Based On Later Discovered Evidence)

105. Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, the Trademark Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Court:

A. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '209 patent;

B. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '176 patent;

C. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '316 patent;

D. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '430 patent;

E. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '135 patent;

F. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '893 trademark;

G. Enter judgment for Defendant and against Plaintiffs for noninfringement of the '061 trademark;

H. Enter judgment that the '135 patent is invalid and/or unenforceable.

I. Enter judgment that the '316 patent is invalid.

J. Enter judgment that the '430 patent is invalid.

K. Enter judgment that the '893 trademark is functional and is therefore invalid.

L. Enter judgment that the '061 trademark is functional and is therefore invalid.

M. Award Defendant its own costs and attorney's fees as and when this Court deems just, reasonable, and proper, and

N. Award Defendant such other and further relief as the Court may deem just, reasonable, and proper.

Dated: June 3, 2008

Respectfully submitted,

Andrew J. Weill, State Bar No. 073093
BENJAMIN, WEILL & MAZER
A Professional Corporation
Attorneys for Defendant
PENINSULA COMPONENTS, INC.
D/B/A PENCOM

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

FIRST AMENDED ANSWER OF DEFENDANT
PENINSULA COMPONENTS, INC.
Case No. 07-04231 (CRB)

18

**CERTIFICATE OF SERVICE**

*Penn Engineering & Manufacturing Corp, et al. v. Peninsula Components, Inc.*

C 07-04231 CRB

I, the undersigned, under penalty of perjury declare and say: I am over the age of 18 years and not a party to this action or proceeding. My business address is 235 Montgomery Street, Suite 760, San Francisco, CA 94104. On this date, I caused the following attached document(s) to be served:

**FIRST AMENDED ANSWER OF DEFENDANT PENINSULA COMPONENTS, INC.**

to the addressee(s) shown below:

| | |
|---|---|
| Rebecca A. Beynon<br>Kevin B. Huff<br>Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC<br>1615 M Street, N.W., Suite 400<br>Washington, DC 20036<br>E-mail: servicepencom@khhte.com | Donald P. Gagliardi<br>Bergeson LLP<br>303 Almaden Blvd #500<br>San Jose, CA 95110-2712<br>Fax: (408) 297-6000<br>E-mail: servicepencom@khhte.com |

[ ]   **MAIL** -- I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; the name and address of the person served as shown on the envelope, and the date and place of business where the correspondence was placed for deposit in the United States Postal Service; and that the envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

[ ]   **PERSONAL SERVICE** -- Document(s) delivered by hand to the addressee.

[X]   **ELECTRONIC MAIL** -- By causing a copy of said document(s) to be transmitted via e-mail, as stipulated to by the parties, to the e-mail address listed adjacent to the name on this Proof of Service.

[ ]   **BY FEDERAL EXPRESS**: I caused such envelope to be delivered to Federal Express for overnight courier service to the office(s) of the addressee(s).

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on June 3, 2008.

_____
Elizabeth Blasier