ANDREW J. WEILL (SBN 073093)
weill@bwmlaw.com
CAROLYN M. LEE (SBN 249889)
lee@bwmlaw.com
BENJAMIN, WEILL & MAZER
A Professional Corporation
235 Montgomery Street, Suite 760
San Francisco, California 94104
Telephone: (415) 421-0730

RICHARD A. NEBB (SBN146239)
mebb@vierramagen.com
VIERRA MAGEN MARCUS & DENIRO LLP
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone: (415) 369-9660

Attorneys for Defendant
PENINSULA COMPONENTS, INC.
D/B/A PENCOM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., and PEM MANAGEMENT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PENINSULA COMPONENTS, INC.,<br><br>Defendant. | Case No. C07 04231 CRB<br><br>**MOTION, NOTICE OF MOTION, AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER COMPELLING MEDIATION, VACATING SCHEDULING ORDER, AND STAY**<br><br>**Hearing Date: July 11, 2008**<br><br>**Hearing Time: 10:00 a.m.** |

PLEASE TAKE NOTICE that on July 11, 2008, at 10:00 a.m. or as soon thereafter as the matter may be heard, Defendant Peninsula Components, Inc., dba Pencom ("Pencom") will move this Court to order the parties to mediate the

---

MOTION, NOTICE OF MOTION, AND POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR ORDER COMPELLING MEDIATION, VACATING SCHEDULING
ORDER, AND STAY, Case No. 07-04231 (CRB)                                           1

issues in the above-captioned matter, and order that the mediation be conducted through the court-sponsored ADR process without further delay. During the same hearing, Pencom will move the Court to vacate the current discovery plan and stay other proceedings pending the outcome of mediation.

## RELEVANT FACTS

Plaintiffs filed its Complaint against Pencom on August 17, 2007. Considerable settlement efforts ensued, even reaching a point of circulating a draft settlement agreement with terms that went through several revisions from input by both sides. (*See* Declaration of Andrew J. Weill in Support of Motion for Order Compelling Mediation, Vacating Scheduling Order, and Stay ("Weill Decl."), para. 3.) Nonetheless, settlement discussions faltered. The parties filed a Joint Case Management Conference Statement on February 21, 2008, and appeared at the Case Management Conference on February 29, 2008.

In submitting its case management conference statement, the parties expressly agreed that there would be one round of discovery to be followed by mediation. (*Id.*) Plaintiffs proposed and Pencom agreed that the mediation should be held during the week of March 31, 2008, or April 7, 2008. (*Id.*) A discovery plan premised on one round of discovery and early mediation was proposed by the parties and approved by the Court, reflected in its February 29, 2008, Minute Order following the case management conference.

The mediation has not occurred and remains unscheduled despite Pencom's continuing efforts to obtain Plaintiffs' agreement on a mediator and a date certain for the mediation. *(See* Weill Decl., para. 4, sec. a-n, detailing repeated efforts to schedule mediation beginning February 29, 2008, through May 2008.) Plaintiffs have indicated the earliest they can be available for mediation before a neutral mediator, i.e., a JAMS neutral, is September 2008. *(See* Weill Decl., para. 4, sec. l.)

MOTION, NOTICE OF MOTION, AND POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR ORDER COMPELLING MEDIATION, VACATING SCHEDULING
ORDER, AND STAY, Case No. 07-04231 (CRB)

2

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

The parties continue to be bound by the current discovery plan. On May 23, 2008, Pencom sent a letter to Plaintiffs' counsel reiterating that the parties had contemplated that a meaningful mediation should take place before incurring major litigation costs. *(See* Weill Decl., para. 4, sec. o.) In light of the changed circumstances, Pencom requested an extension for the May 25, 2008, exchange of preliminary claim constructions and extrinsic evidence, in addition to a complete review of the now-outdated discovery plan. (*Id.*) The current schedule requires the parties to be working in earnest and expensively to prepare for an October 30, 2008, claim construction hearing, including completion of claim construction discovery by August 6, 2008. (*Id.*) On May 25, 2008, Plaintiffs responded that they would consider the scheduling issues Pencom raised, but refused to extend the May 25, 2008, deliverable. No further response has been received regarding the rescheduling of dates or setting mediation. *(See* Weill Decl., para. 4, sec. p.)

Per stipulation, Plaintiffs filed an Amended Complaint on May 27, 2008, adding a second trademark infringement claim. Pencom filed its Amended Answer on June 3, 2008.

## ARGUMENT

This motion is brought pursuant to the Court's inherent authority "to control the litigation before it." *Procter & Gamble Co. v. Kraft Foods Global., Inc.,* 2007 WL 2990152 (N.D.Cal. 2007). The court in *Bogard v. Merck & Col., Inc.,* reiterated the Court's inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." 2007 WL 460650, *1 (N.D.Cal. 2007) (quoting *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).

Pencom's motion for an order compelling mediation through the court's ADR process without further delay, accompanied by an order to vacate the discovery plan and stay proceedings pending outcome of the mediation, is based

1 entirely on a drive for economy of time for all involved as well as economy of
2 expense.[1] Based on Plaintiffs' recurring inability to set a date certain for
3 mediation, Pencom has lost confidence that any mediation will take place unless
4 directly and specifically compelled by this Court. *(See* Weill Decl., para. 5.)

5      A case may be referred to a court ADR process by order of the assigned
6 Judge following a motion of a party. N.D. Cal. Civ. R. 16-8(a); N.D. Cal. ADR R.
7 2-3. From the outset the parties contemplated an early mediation following one
8 round of discovery in order to fully settle their differences, if possible, or to
9 narrow them in the most economical way both for the parties and the Court. (*See*
10 Weill Decl., para. 3, 9.) Pencom remains committed to this strategy. The first
11 round of discovery is complete enough to satisfactorily support a meaningful
12 mediation. The Court should act under its broad authority to bring efficiency to
13 dispute resolution to compel Plaintiffs to mediate. Defendant requests the
14 mediation be conducted through the court-sponsored ADR process without delay,
15 with the parties mediating before the mediator no later than thirty days following
16 the Court's Order.

17      Concurrently, the approved discovery plan should be vacated. The schedule
18 was designed to structure actions *following mediation*, for an orderly preparation
19 for an October 2008 claim construction hearing and November 2008 close of all
20 fact discovery. The schedule fell woefully out of synch when mediation did not
21 occur in early April 2008 as contemplated. The parties should be ordered to focus
22 on preparing for a meaningful mediation. Any actions related to claim

---

[1] Plaintiffs may object to the use of the court's ADR process due to the parties' prior selection of former Chief Magistrate Judge Edward Infante as the mediator. (*See* Weill Decl., para. 4, sec. e-f.) Pencom was reluctant to select Judge Infante due to his very full schedule. (*See* Weill Decl., para. 8.) Nonetheless, Pencom was content to agree to Plaintiffs' choice of mediator in the hope of facilitating the resolution process. (*See* Weill Decl., para. 4, sec. f.) That hope has proven ill-founded. Pencom therefore believes the court's own mediation office is likely to provide the most expeditious path to mediation.

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

1  construction or any other future aspects of this litigation are a distraction and
2  counterproductive to the wiser, efficient course of directly pursuing full
3  resolution of the parties' differences with the assistance of a mediator.
4      Finally, until mediation is complete, a stay of all other actions is
5  appropriate. Based on the Court's power to determine what is most efficient for
6  the docket and the fairest course of the parties, the Court may enter a stay of
7  actions when the interests of justice so require. *Procter & Gamble Co. v. Kraft*
8  *Foods Global., Inc.,* 2007 WL 2990152 (N.D.Cal. 2007). In the instant case,
9  mediation is expected to significantly streamline the issues; accordingly, a stay
10  would benefit the parties and the Court. There is no concern about harm to the
11  parties, since the pending litigation is at its earliest stages, "thereby reducing
12  prejudice that any party would suffer from a stay." *Id.*

13  <u>CONCLUSION</u>

14      For the foregoing reasons Pencom respectfully requests the Court (a)
15  compel Plaintiffs to mediate their claims through the court's ADR process
16  without further delay and complete mediation no later than thirty days following
17  the Court's Order, (b) vacate the discovery schedule, and (c) stay all further
18  proceedings in this matter pending the outcome of mediation.

20  Dated: June 6, 2008                    Respectfully submitted,

22                                                  /s/
                           Andrew J. Weill, State Bar No. 073093
23                             BENJAMIN, WEILL & MAZER
                           A Professional Corporation
24                             Attorneys for Defendant
                           PENINSULA COMPONENTS, INC.
25                             D/B/A PENCOM

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730