ANDREW J. WEILL (SBN 073093)
weill@bwmlaw.com
CAROLYN M. LEE (SBN 249889)
lee@bwmlaw.com
BENJAMIN, WEILL & MAZER
A Professional Corporation
235 Montgomery Street, Suite 760
San Francisco, California 94104
Telephone: (415) 421-0730

RICHARD A. NEBB (SBN146239)
mebb@vierramagen.com
VIERRA MAGEN MARCUS & DENIRO LLP
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone:  (415) 369-9660

Attorneys for Defendant
PENINSULA COMPONENTS, INC.
D/B/A PENCOM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., and PEM MANAGEMENT, INC.,<br><br>　　　　　　　　Plaintiffs,<br>v.<br>PENINSULA COMPONENTS, INC.,<br><br>　　　　　　　　Defendant. | Case No. C07 04231 CRB<br><br>**DECLARATION OF ANDREW J. WEILL IN SUPPORT OF MOTION FOR ORDER COMPELLING MEDIATION, VACATING SCHEDULING ORDER, AND STAY**<br><br>**Hearing Date:    July 11, 2008**<br><br>**Hearting Time:  10:00 a.m.** |

I, ANDREW J. WEILL, declare as follows:

1.     I am counsel of record for Defendant Peninsula Components, Inc., ("Pencom") in this action.  I make this declaration of my personal knowledge

---

DECLARATION OF ANDREW J. WEILL ISO MOTION FOR order compelling mediation, vacating scheduling order, and stay
Case No. 07-04231 (CRB)                                                                                                                              1

1 and, if sworn as a witness, I could and would testify competently to the facts
2 stated herein.

3     2.    The purpose of this declaration is to set forth facts supporting
4 Pencom's motion for an order compelling mediation, vacating the current
5 discovery schedule, and staying other proceedings.

6     3.    The basic point of this motion is simple. The parties had
7 considerable settlement discussion early in this action, even reaching the point of
8 circulating a draft settlement agreement with terms that went through several
9 revisions based on input by both sides. In submitting its status conference
10 statement, the parties expressly agreed that there would be one round of
11 discovery, to be followed by mediation. Plaintiffs proposed, and Pencom agreed,
12 that the mediation should be held during the week of March 31, 2008, or April 7,
13 2008. A true copy of PEM's proposed case discovery plan, approved by the
14 Court as a consequence of the February 29, 2008, Case Management Conference,
15 is attached hereto as Exhibit A.

16     4.    The mediation did not occur when scheduled. At the moment,
17 despite repeated requests for a date from Pencom, Plaintiffs have indicated that
18 they will not be able to mediate the case until September at the earliest. The
19 following sets forth the timetable of events following the entry of the scheduling
20 order:

21     a. Pencom promptly undertook to locate a suitable mediator and
22        schedule mediation.

23     b. On March 4, 2008, I reported to counsel for Plaintiffs that I was
24        working on a list of appropriate neutrals. (Exhibit B.)

25     c. On March 26, 2008, via email, I suggested the Hon. Read Ambler of
26        JAMS, a former Santa Clara Superior Court judge. (Exhibit C.) On

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

      April 8, 2008, I sent counsel via letter the URL of Judge Ambler's website. (Exhibit D.)

d. On April 10, 2008, counsel for Plaintiffs replied that they were working on a trial in another matter and would respond shortly. (Exhibit E.)

e. On April 14, 2008 Plaintiffs' counsel responded, rejecting Judge Ambler. They proposed former Chief Magistrate Judge Edward Infante instead. (Exhibit F.)

f. On April 17, 2008 Pencom accepted Plaintiffs' suggestion of Judge Infante, in the hope of facilitating resolution. I checked as to Judge Infante's availability and set forth possible mediation dates during May and June. I asked for confirmation of which of those dates was available for Plaintiffs' counsel. (Exhibit G.)

g. On April 22, 2008 Plaintiffs' counsel responded that they considered it "premature" to commit to a mediation date and that they wished to schedule the mediation three weeks after Pencom provided documents in response to discovery requests. (Exhibit H.)

h. On April 24, 2008 I responded by letter, saying that I agreed with the concept suggested by counsel. I explained that we expected to ship documents in late April. I said that I felt that obtaining one of Judge Infante's open dates in late June allowed ample opportunity for the production and preparation of the mediation. (Exhibit I.)

i. On April 25, 2008, May 1, 2008, May 2, 2008, and May 8, 2008, Pencom submitted approximately 3,200 pages of documents in response to Plaintiffs' discovery requests.

j. On April 30, 2008, I double-checked Judge Infante's availability. I was told that Judge Infante's schedule was booked for the dates

DECLARATION OF ANDREW J. WEILL ISO MOTION FOR ORDER COMPELLING MEDIATION, VACATING SCHEDULING ORDER, AND STAY
Case No. 07-04231 (CRB)

3

    originally suggested.  I obtained availability information for June and July and forwarded the same to Plaintiffs' counsel.  (Exhibit J.)

k. On April 30, 2008, and again on May 6, 2008, Plaintiff's counsel responded to my April 30, 2008, email, saying both times they would "be in touch soon" on this.  (Exhibit K.)

l. I heard nothing in further response as to the proposed dates.  On May 19, 2008, I had a telephone conversation with Plaintiffs' counsel.  In the course of that conversation, I was told that the June and July dates would not work.  I checked into Judge Infante's availability and learned that he had no other dates available in July and only two dates available in August.  I communicated those dates to Plaintiffs' counsel.  Plaintiffs' counsel told me those dates would not work either and that the mediation could not start until September.

m. In that conversation, I told Plaintiffs' counsel that these delays were seriously impacting the overall schedule in this matter and that I hoped for cooperation in adjusting the schedule.  Plaintiffs' counsel told me they would consider the issue but that they did not think any adjustment was called for.

n. On May 23, 2008, I informed Plaintiffs' counsel of certain dates Judge Infante was available in September. (Exhibit L.)  I have heard no reply as to availability from Plaintiffs.  The September dates are more than **five months** after the mediation date initially proposed by Plaintiffs and agreed to by Pencom.

o. Also on May 23, 2008, I sent Plaintiffs' counsel a letter outlining the scheduling problems that resulted from these delays, noting an upcoming deadline for May 25, 2008.  I requested that the schedule be adjusted.  In that letter, I reiterated that the parties had

        contemplated that a meaningful mediation would take place before incurring major litigation cost. (Exhibit M.)

    p. On May 27, 2008, Plaintiffs' counsel sent an email stating that they would not agree to extend the May 25, 2008, deadline. They said they would consider the issues posed in my May 23, 2008, letter. (Exhibit N.) No further response has been received.

5. Based on the foregoing, I have no confidence that any mediation will take place unless directly and specifically compelled by this Court. I strongly believe in working in cooperation with opposing counsel and not burdening the Court with what should be routine housekeeping matters. I would normally be willing to extend the mediation date, but now these delays are becoming seriously prejudicial to my client's interests. I agreed to the current schedule in the express belief that we would only be engaging in the discovery necessary to have a meaningful mediation.

6. In my judgment, based on the relative position of the parties at the time negotiations failed, there is a high likelihood that the matter will resolve at mediation. It makes no economic sense to engage in full-scale litigation efforts until early mediation is attempted and found to be unproductive.

7. Pencom is strongly of the opinion that the litigation costs to both sides have already been far in excess of any reasonable valuation of the maximum value of Plaintiffs' claims.

8. Under the circumstances, Pencom requests that the Court order mediation, and that the mediation be held under the auspices of the court's ADR process. Pencom was willing to agree to a JAMS neutral such as Judge Infante if an early date for mediation could have been found. In fact, Pencom hesitated when Plaintiffs suggested Judge Infante due to concerns about being able to obtain a late Spring mediation date. Judge Infante is a popular neutral whose

calendar is quite full. His popularity combined with Plaintiffs' inability to identify available mediation dates has now pushed any possible private mediation to September or later. Pencom does not consent to the sliding of mediation to September. Pencom believes the most expeditious manner to proceed is for the Court to order mediation at the earliest date available through the court's ADR office, and not later than thirty days after the Court's Order.

9. The current schedule was premised on the idea that there would be an early mediation and that the remaining timetable would apply **only if mediation was unsuccessful**. It is contrary to the intention of the parties to proceed with the current timetable as to all dates other than the mediation! Therefore, Pencom proposes that the current schedule be vacated. The parties should be ordered to mediation. Should mediation be unsuccessful, the parties should submit a new Joint Status Conference Statement providing a revised schedule.

10. Absent vacation of the current schedule, Pencom will be prejudiced in this action in the following ways:

   a. By July 7, 2008, the parties are expected to file a Joint Claim Construction and Prehearing Statement. This step would be completely avoidable if mediation is successful.

   b. By August 6, 2008, the parties are expected to complete claim construction discovery. Such discovery will be completely unnecessary if the case is mediated successfully.

   c. Opening Claim Construction briefs are due to be filed on September 22, 2008, with responses and replies due on October 1, 2008, and October 8, 2008. It makes no sense to undertake this work if the case can be mediated.

     d. The Claim Construction Hearing is scheduled for the week of October 27, 2008 – again, an event that will be unnecessary if mediation is successful.

     e. Fact discovery is scheduled to close November 28, 2008. If the mediation does not take place until September, the parties will have less than three months to conduct all remaining fact discovery.

     f. Expert disclosures, dispositive motions, pretrial and trial dates all need to follow a reasonable time after the close of fact discovery.

For the reasons noted above, the November 28, 2008 closing date is now entirely unrealistic.

11. I wish to emphasize that in no way am I suggesting that the delays in mediation are the result of any bad faith conduct on the part of Plaintiffs. It is my understanding that Plaintiffs' counsel had a lengthy period of time occupied by trial in another matter. By this motion, Pencom is not trying to blame anyone for the delay, but rather is attempting to reach a practical solution to the current problem. Pencom would have preferred to work out this scheduling matter by stipulation, but Plaintiffs have to this point failed to respond to Pencom's proposal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 6, 2008                         _____/s/_____
                                                ANDREW J. WEILL

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

DECLARATION OF ANDREW J. WEILL ISO MOTION FOR ORDER COMPELLING MEDIATION, VACATING SCHEDULING ORDER, AND STAY
Case No. 07-04231 (CRB)
7