1   ANDREW J. WEILL (SBN 073093)
2   weill@bwmlaw.com
    BENJAMIN, WEILL & MAZER
3   A Professional Corporation
    235 Montgomery Street, Suite 760
4   San Francisco, California 94104
    Telephone: (415) 421-0730
5
6   RICHARD A. NEBB (SBN146239)
    mebb@vierramagen.com
7   VIERRA MAGEN MARCUS & DENIRO LLP
    575 Market Street, Suite 2500
8   San Francisco, CA 94105
    Telephone:  (415) 369-9660
9
10  Attorneys for Defendant
    PENINSULA COMPONENTS, INC.
11  D/B/A PENCOM

12              **UNITED STATES DISTRICT COURT**

13           **NORTHERN DISTRICT OF CALIFORNIA**

14              **SAN FRANCISCO DIVISION**

15

16  _____   )   Case No. C07 04231 CRB
                                        )
17  PENN ENGINEERING &                  )   **MOTION, NOTICE OF MOTION,**
    MANUFACTURING CORP., and            )   **AND POINTS AND**
    PEM MANAGEMENT, INC.,               )   **AUTHORITIES IN SUPPORT OF**
18                                      )   **MOTION TO COMPEL**
                                        )   **PLAINTIFFS TO PRODUCE**
19                         Plaintiffs,  )   **DAMAGES ANALYSIS**
    v.                                  )
20                                      )
    PENINSULA COMPONENTS, INC.,         )   **Hearing Date: October 10, 2008**
21                                      )
                          Defendant.    )   **Hearing Time: 10:00 a.m.**
22                                      )
                                        )
23  _____   )

24         PLEASE TAKE NOTICE that on October 10, 2008, at 10:00 a.m. or as soon

25  thereafter as the matter may be heard, Defendant Peninsula Components, Inc., dba

26  Pencom ("Pencom") will move this Court to compel Plaintiffs Penn Engineering

27  & Manufacturing Corp., and PEM Management, Inc. ("PEM") to produce a

28

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

1   damages analysis in compliance with FRCP 26 and in response to defendant

2   Pencom's timely served discovery requests.  Despite the clear requirement of

3   Rule 26, PEM has failed to provide a damages analysis and continues to refuse to

4   do so in response to discovery requests, claiming that all its damages

5   calculations, computations and analyses are privileged.

6       PEM's invocation of the claim of privilege makes a complete mockery of

7   Rule 26.  Obviously, if the requirements of the Rule can be avoided by a claim of

8   privilege, the Rule becomes meaningless.  As shown below, PEM's position is

9   contrary to law and cannot be sustained.

10

11              **MEMORANDUM OF POINTS AND AUTHORITIES**

12              **I.      RELEVANT FACTS**

13      Plaintiff PEM brought suit against defendant Pencom over a year ago. PEM

14  served its Initial Disclosures under Rule 26 on or about November 14, 2007.

15  (Declaration of Andrew Weill in support of Pencom's Motion to Compel

16  Plaintiffs to Produce Damages Analysis ("Weill Decl."), ¶ 3, Exhibit A.)  PEM's

17  initial disclosures contained a section entitled "Fed. R. Civ. P. 26(a)(1)(C) [sic] –

18  Computation of Damages" on page three of its Disclosures.  (*Id.*)

19      In that section, PEM indicated that it was entitled to "a reasonable royalty

20  on Defendant's unlicensed sales of products that infringe PEM's patents during

21  the past six years," and that this royalty and the amount of Pencom's sales were

22  "both topics for discovery."  (*Id.*)

23      PEM also asserts that it is entitled to "defendant's profits, and damages

24  sustained by PEM and the costs of this action resulting from defendant's

25  unlicensed sales of products that infringe PEM's trademark."  PEM declined to

26  make any calculation, stating that "PEM believes that it would be premature to

27  attempt to calculate those amounts at this time."  (*Id.*)  Instead, PEM deferred

28

1    and claimed that such calculations of damages based on profits and alleged harm

2    done to PEM were "topics for discovery." (*Id.*)

3        At the same time, the parties were actively and regularly discussing

4    possibilities for an out-of-court settlement. The parties met on November 27,

5    2007, without counsel, to discuss such a settlement. Unfortunately, that meeting

6    was not successful, but Pencom shared with PEM a wide array of sales figures

7    and other documents related to PEM's allegations. (*Id.* at ¶ 4.)

8        Throughout the close of 2007 and into early 2008, Pencom and PEM

9    continued to discuss settlement, going so far as to exchange drafts of a proposed

10   settlement. (*Id.* at ¶ 5.) Pencom focused most of its energy on the possible

11   settlement, agreeing with the plaintiffs to continue the case several times to

12   facilitate discussions. Without disclosing any of the confidential discussions,

13   Pencom was optimistic that a solution could be reached. (*Id.*)

14       While these attempts at settlement were ultimately unsuccessful, the parties

15   did agree that further talks with a mediator would be beneficial. Each side

16   agreed to conduct a round of written discovery and move into mediated

17   settlement discussions.

18       Pencom has tried since the outset of the case to understand PEM's position

19   on damages. Pencom's analysis of its sales of the alleged infringing parts

20   indicates a value of the case highly at variance with PEM's stated position.

21   Pencom has provided a detailed spreadsheet of the sales and backup

22   documentation. PEM has provided nothing justifying any different analysis.

23       Once settlement discussions waned, Pencom sought to follow up on PEM's

24   Initial Disclosures, in particular its lack of any damages computation. On or

25   about February 19, 2008, Pencom wrote to PEM asking for a supplement to its

26   Initial Disclosures. (Weill Decl., Ex B.) Pencom's theory was simple: mediation

27

28

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

would be made more likely to result in a settlement if Pencom knew what PEM was claiming its damages were under its complaint.

PEM responded by saying that its Initial Disclosures were based on the information available to it at the time and attempted to put the entire computation of damages off until the start of expert discovery.  (Weill Decl., Ex. C.)  While refusing to provide any supplemented Initial Disclosures, avoiding putting even the most preliminary analysis on paper, PEM claimed that it was "confident that the monetary amount it has proposed in settlement discussions is a good deal less than the damages it will be able to establish at trial."  (*Id.*)

Pencom responded the next day.  (*Id.*, Ex. D.)  Pencom noted that while a full and complete calculation may not be possible, Rule 26 requires a preliminary computation if that is all that is available.  (*Id.*)  PEM appeared to have done such a calculation, but seemed to be refusing to provide it under the rubric of privilege or that a full response would be done by a damages expert.  Obviously, expert analysis would be done *after* any mediation, which the parties had agreed to after one round of discovery.  (*Id.* at ¶10.)

PEM continued to stonewall Pencom.  Pencom had no problem with the idea that PEM's initial analysis might be quite preliminary and subject to change during discovery, but Pencom was taken aback by PEM's absolute and persistent refusal to provide **any** damages computation.  (*Id.*, Ex. E.)

One week later, Pencom took the opportunity to raise this issue again in its meet and confer letter regarding Pencom's first set of discovery.  (*Id.,* Ex. F at pp. 9-10.)  Pencom's Interrogatory Number Eighteen asked for an identification of all summaries, compilations, analyses, or other documents, prepared regarding potential damages, including all categories of those damages.  (*Id.*, Ex. G at pp. 18-19.)  Again, Rule 26 requires that this computation be done and that the computation break the alleged damages out on the various categories.  As a

1  follow up to obtain these documents purportedly identified in response to

2  Interrogatory Number Eighteen, Pencom's Requests for Production of Documents

3  Number One asked for all documents identified in PEM's Interrogatories.

4      PEM's response the next day was clear: anything to be identified under

5  Interrogatory Number Eighteen was privileged.  (*Id.*, Ex. H at p. 2.)  In addition,

6  no damages computations, analyses, or other documents related to Interrogatory

7  Number Eighteen appeared to have been produced.  (*Id.* at ¶13.)

8      During this period, Pencom was also involved in the meet and confer

9  regarding the over 120 discovery requests PEM served on Pencom.  Several

10  weeks were needed to deal with the issues raised in the meet and confer process.

11  During that time, Pencom agreed to produce newly generated financial documents

12  in the form requested specifically by PEM.  (*Id.* at ¶ 15.)  Those documents

13  detailed sales data on a yearly basis for each of the 200 Specified Parts (the list

14  of Specified Parts is a broad list for which Pencom agreed to provide discovery,

15  far more than the six parts specified as allegedly infringing in the Amended

16  Complaint), along with date of first and last sale, suppliers, cost of goods sold,

17  and other information.  Pencom provided these documents to PEM in mid-July.

18  (*Id.*)

19      Pencom waited until August 6, 2008, and again inquired if PEM was

20  prepared to generate a non-privileged damages analysis, particularly since

21  Pencom had produced financial data in a form precisely requested by PEM.  (*Id.*,

22  Ex. I.)

23      Again, PEM responded that all computations of damages were privileged.

24  (*Id.*, Ex. J.)  Again, Pencom was unable to learn what PEM seemed to claim were

25  its damages in this case.

26      In a letter dated August 7, 2008, Pencom attempted to confirm that the

27  parties were at impasse on the provision of a computation of damages or a

28

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

1  substantive response to Pencom's discovery seeking damages documents and

2  analyses.  (*Id.*, Ex. K.)  Pencom notified PEM that it would be moving the Court

3  to order production of such an analysis and documents.  (*Id.*)

4      PEM's response came the following day and claimed not to understand the

5  need for a motion on this issue.  (*Id.*, Ex. L.)

6      Pencom wrote one more letter in a final, and futile, attempt to explain

7  Pencom's position.  (*Id.*, Ex. M.)  Despite a promised response (*Id.* at ¶ 21.), no

8  response to Pencom's final letter was received as of the date of this writing.  This

9  motion has therefore been filed.

10

11                    **II.     LEGAL ARGUMENT**

12      Plaintiff PEM must provide a computation of its alleged damages under

13  Federal Rule of Civil Procedure 26(a)(1)(A) and in response to defendant

14  Pencom's discovery requests on this topic.

15  **A.     Federal Rule of Civil Procedure 26 Requires a Computation of Damages**

16      Federal Rule of Civil Procedure 26(a)(1)(A) states:

17          Except as exempted by Rule 26(a)(1)(B) or as otherwise
            stipulated or ordered by the court, a party must, without
18          awaiting a discovery request, provide to the other parties:
            * * *
19          (iii) a computation of each category of damages claimed by
            the disclosing party — who must also make available for
20          inspection and copying as under Rule 34 the documents or
            other evidentiary material, unless privileged or protected
21          from disclosure, on which each computation is based,
            including materials bearing on the nature and extent of
22          injuries suffered.

23      There are no stipulations of the parties or orders of the Court to avoid the

24  provision of a computation of damages.  (Weill Decl. ¶ 3.)  PEM did not object

25  "during the conference that initial disclosures are not appropriate in this action,"

26

27

28

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

1  nor did it state "the objection in the proposed discovery plan."  Fed. R. Civ. P.

2  26(a)(1)(C).

3       To excuse its failure to comply, PEM has argued that damages analysis is

4  "premature."  This objection fails. It is expressly considered an "unacceptable

5  excuse" under the Rules.  "A party must make its initial disclosures based on the

6  information then reasonably available to it. A party is not excused from making

7  its disclosures because it has not fully investigated the case...."  Fed. R. Civ. P.

8  26(a)(1)(E).

9       Even if there were some basis for claiming a damages computation was

10  premature at the commencement of the litigation, any such argument has

11  evaporated.  When Pencom first raised the issue of inadequate damages discovery

12  in February, PEM responded that it could not calculate any of the damages due to

13  not having enough discovery from Pencom.  Pencom decided to defer pursuing

14  the issue until PEM could review the production of Pencom's documents and

15  responses following PEM's discovery requests.  By mid-July, PEM had received

16  detailed sales reports as well as summaries of all yearly sales and cost of goods

17  sold for each of the 200 Specified Products.  Indeed, Pencom went so far as to

18  generate this financial data in a spreadsheet in exactly the format, and with

19  exactly the contents, that PEM requested of Pencom during the meet and confer

20  process.

21       At the completion of the production of the financial data, Pencom again

22  requested that PEM provide a computation of damages.  Federal Rule of Civil

23  Procedure 26(e)(1)(A) requires that a party supplement an incomplete or

24  inaccurate disclosure or discovery response.  The Court may order such a

25  supplement as well.  Pencom expected that once it produced the financial data in

26  the format requested by PEM, PEM would supplement its Rule 26 Initial

27  Disclosures.

28

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

Instead, PEM responded that all damages calculations and analyses were "privileged." (Weill Decl., Ex.H.) Pencom repeatedly made clear in its correspondence that it did not seek any privileged documents in its requests for a computation of damages. That said, the position adopted by PEM may lead the Court to conclude that it has no option but to require production of privileged documents. Simply put, there is a substantial need for the information and no other way for Pencom to obtain it. Fed. R. Civ. P. 26(b)(3). That is, there is no other way for Pencom to learn what PEM believes its damages to be without PEM disclosing such an analysis. To claim that all such analyses are privileged makes a mockery of the Initial Disclosures and makes it less likely that mediation will be successful. Since there is no way to obtain this information except if provided by PEM and Pencom has a substantial justification for requiring the information, the Court may order PEM to disclose privileged documents.

Under PEM's reading of the Federal Rules of Civil Procedure, it would not have to provide Pencom with a computation of damages until eight weeks before trial in response to expert discovery. This clearly is not a result contemplated by Rule 26 and, again, gives very little chance for mediation to be successful.

The same arguments advanced by PEM here were found unavailing in *Marcin Engineering, LLC. v. Founders at Grizzly Ranch, LLC.*, 219 F.R.D. 516, 525 (D. Colo. 2003). In that case, a party claimed privilege for its damages documents because its counsel prepared the damages calculations in anticipation of litigation. The District Court found that the **facts** underlying these allegedly privileged documents are not privileged. *Id.*

Furthermore, like in *Marcin*, PEM has provided only a "summary" of its alleged damages in its Initial Disclosures. This was determined to be inadequate.

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

To avoid motion practice on the missing damages computation, Pencom resorted to discovery to obtain this information.  It asked in its first set of Interrogatories, Number Eighteen:

> Identify any summaries, compilations, analyses, or other documents, prepared regarding potential damages, including lost profits and reasonable royalties, and state whether such documents were prepared "prior to" or "after" receiving sales information from defendant in late 2007.

In response, PEM stated all such documents were privileged and prepared in anticipation of litigation.  It is unclear to what PEM is referring; a review of PEM's privilege log does not appear to identify these documents. Nowhere in the log is there any mention of a damages computation or analysis.

As a follow up to the interrogatory, Pencom's first Request for Production of Documents requested all document identified in its Interrogatories.  No computation of damages was produced.  In *Marcin*, the court precluded much of the defendant's counter-claims damages evidence on the basis, among other things, that no damages computation or supplement was provided in defendant's Initial Disclosures.  *Marcin Engineering, LLC. v. Founders at Grizzly Ranch, LLC.*, 219 F.R.D. at 526.

While privilege certainly can protect client communications and work product of PEM's counsel for some analyses, it does not act as shield against Rule 26 disclosures or other relevant discovery.  A party is entitled to know the claims and damages against it.  Indeed, drafters of Fed. R. Civ. P. 26 obviously agreed when they required a damages computation in the Initial Disclosures.  No doubt every plaintiff would like to keep its damages computations private, and PEM seems no different, but the rules permit this disclosure for the benefit of promoting settlement and so that defendants know what claims are being made against them.

### III.    CONCLUSION

A failure to produce any computation of damages, even a preliminary depiction, is simply not contemplated by the Federal Rules, nor does it promote settlement of this case.  PEM is keeping Pencom literally in the dark about what it believes this case to be worth.  Pencom has stated repeatedly that the damages in this case are negligible.  Indeed, were it not for federal question jurisdiction, Pencom would argue that the value does not meet the minimum requirements for diversity jurisdiction.

Pencom respectfully requests that the Court order PEM to comply with its obligations under Federal Rule of Civil Procedure 26 and provide an adequate computation of damages for each category of damages it alleges.


Dated: September 4, 2008                    Respectfully submitted,


                                             _____/s/_____
                                             Andrew J. Weill, State Bar No. 073093
                                             BENJAMIN, WEILL & MAZER
                                             A Professional Corporation
                                             Attorneys for Defendant
                                             PENINSULA COMPONENTS, INC.
                                             D/B/A PENCOM

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730