ANDREW J. WEILL (SBN 073093)
weill@bwmlaw.com
BENJAMIN, WEILL & MAZER
A Professional Corporation
235 Montgomery Street, Suite 760
San Francisco, California 94104
Telephone: (415) 421-0730

RICHARD A. NEBB (SBN146239)
mebb@vierramagen.com
VIERRA MAGEN MARCUS & DENIRO LLP
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone:  (415) 369-9660

Attorneys for Defendant
PENINSULA COMPONENTS, INC.
D/B/A PENCOM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., and PEM MANAGEMENT, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> PENINSULA COMPONENTS, INC., <br><br>  Defendant. | Case No. C07 04231 CRB <br><br> **DECLARATION OF ANDREW J. WEILL IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS TO PRODUCE DAMAGES ANALYSIS** <br><br> **Hearing Date: October 10, 2008** <br><br> **Hearing Time: 10:00 a.m.** |

I, ANDREW J. WEILL, declare as follows:

   1.   I am counsel of record for Defendant Peninsula Components, Inc., ("Pencom") in this action.  I make this declaration of my personal knowledge

ANDREW J. WEILL DECLARATION IN  SUPPORT
OF MOTION TO COMPEL PLAINTIFFS TO PRODUCE DAMAGES ANALYSIS
Case No. 07-04231 (CRB)

1

1 and, if sworn as a witness, I could and would testify competently to the facts
2 stated herein.

3   2.   The purpose of this declaration is to set forth facts supporting
4 Pencom's motion for an order compelling Plaintiff's to produce damages
5 analysis.

6   3.   A true and correct copy of plaintiffs' Federal Rule of Civil Procedure
7 Number 26 Initial Disclosures, served November 14, 2007, is attached as
8 Exhibit A. Plaintiffs have offered no supplements. There are no stipulations of
9 the parties or orders of the Court to avoid providing a computation of damages.

10   4.   During different times between the months of November to February,
11 the parties were actively and regularly discussing possibilities for an out-of-court
12 settlement. The parties, without counsel, met on November 27, 2007 to discuss
13 such a settlement. Unfortunately, that meeting was not successful, but Pencom
14 shared with PEM a wide array of sales calculations and other documents related
15 to PEM's allegations.

16   5.   Throughout the close of 2007 and into early 2008, Pencom and PEM
17 continued to discuss settlement, going so far as to exchange drafts of a proposed
18 settlement. Without disclosing any of the confidential discussions, Pencom was
19 optimistic that a solution could be reached.

20   6.   Attempts at settlement were unsuccessful. The parties agreed that
21 further talks with a mediator would be beneficial. Each side agreed to conduct a
22 round of written discovery and move into mediated settlement discussions.

23   7.   Pencom has tried since the outset of the case to understand PEM's
24 position on damages. Pencom's analysis of its sales of the alleged infringing
25 parts indicates a value of the case highly at variance with PEM's stated position.
26 Pencom has provided a detailed spreadsheet of the sales and backup
27 documentation. PEM has provided nothing justifying any different analysis.

28

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

8. Pencom sought to follow up on PEM's Initial Disclosures, in particular its lack of any damages calculation. On or about February 19, 2008, Pencom wrote to PEM asking for a supplement to its Initial Disclosures. Pencom's motivation was simple: mediation would be made more likely to result in a settlement if Pencom knew what PEM was claiming its damages were under its complaint. A true copy of my letter to Rebecca Beynon, dated February 19, 2008, is attached as Exhibit B.

9. A true copy of Ms. Beynon's letter to me, dated February 26, 2008, is attached as Exhibit C.

10. A true copy of my letter to Ms. Beynon dated February 26, 2008 and sent on February 27 to Ms. Beynon's office, is attached as Exhibit D. As I understand it, PEM appeared to have done a damages calculation, but seemed to be refusing to provide it under the rubric of privilege or that a full response would be done by a damages expert. But that would mean that Pencom would not see any damages analysis until after mediation. Obviously, expert analysis would be done *after* any mediation, which the parties had agreed to after one round of discovery.

11. Pencom had no problem with the idea that PEM's initial analysis might be quite preliminary and subject to change during discovery, but I was taken aback by PEM's absolute and persistent refusal to provide **any** damages computation. A true copy of Ms. Beynon's letter to me, dated February 28, 2008, is attached as Exhibit E.

12. A true copy of relevant pages of my meet and confer letter to Ms. Beynon, dated May 7, 2008 and regarding PEM's responses to Pencom's discovery, is attached as Exhibit F.

13. A true copy of relevant pages of PEM's initial responses to Pencom's interrogatory requests is attached as Exhibit G. Supplements have been provided,

ANDREW J. WEILL DECLARATION IN SUPPORT
OF MOTION TO COMPEL PLAINTIFFS TO PRODUCE DAMAGES ANALYSIS
Case No. 07-04231 (CRB)

3

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

1 but none supplemented Pencom's interrogatory 18.  No damages computations,
2 analyses or other documents related to interrogatory number 18 appeared to have
3 been produced in response to Pencom's request for documents related to the
4 interrogatories.

5     14.    PEM's May 29, 2008 response regarding the damages calculations or
6 analyses was clear: anything to be identified under interrogatory number 18 is
7 privileged.  A true copy of Ms. Beynon's letter to me, dated May 29, 2008 and
8 containing PEM's response to Pencom's meet and confer letter, is attached as
9 Exhibit H.

10     15.    During May and June, Pencom was also involved in the meet and
11 confer regarding the over 120 discovery requests PEM served on Pencom.
12 Several weeks were needed to deal with the issues raised in the meet and confer
13 process.  During that process, Pencom agreed to provide a new production of
14 newly generated financial documents in the form requested specifically by PEM.
15 Those documents gave sales data on a yearly basis for each of the 200 Specified
16 Parts (the list of Specified Parts is a broad list for which Pencom agreed to
17 provide discovery, far more than the parts specified as infringing in the Amended
18 Complaint), along with date of first and last sale, suppliers, cost of goods sold,
19 and other information.

20     16.    Pencom waited until August 6, 2008 and again inquired if PEM
21 would be prepared to generate a non-privileged damages analysis, along with
22 some other issues, particularly since Pencom had produced the financial data in a
23 form precisely requested by PEM.  A true copy of Pencom's letter dated August
24 6, 2008, is attached as Exhibit I.

25     17.    PEM responded that all computations of damages were privileged. A
26 true copy of Ms. Beynon's letter to me, dated August 7, 2008, is attached as
27
28

BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

1  Exhibit J.  Pencom was unable to learn what PEM seemed to claim were its
2  damages in this case.
3      18.   A true copy of my letter to Ms. Beynon, dated August 7, 2008 and
4  delivered on August 8, is attached as Exhibit K.
5      19.   A true copy of Ms. Beynon's letter to me, dated August 9, 2008, is
6  attached as Exhibit L.
7      20.   A true copy of my letter to Ms. Beynon, dated August 12, 2008, is
8  attached as Exhibit M.
9      21.   On August 15, 2008 Ms. Beynon wrote me a letter promising a later
10 response regarding PEM's damages calculation.  As of the date of this writing, no
11 response has been received.

Dated: September 4, 2008           _____/s/_____
                                          Andrew J. Weill

**BENJAMIN, WEILL & MAZER**
A PROFESSIONAL CORPORATION
235 MONTGOMERY STREET, SUITE 760
SAN FRANCISCO, CA 94104
(415) 421-0730

ANDREW J. WEILL DECLARATION IN SUPPORT
OF MOTION TO COMPEL PLAINTIFFS TO PRODUCE DAMAGES ANALYSIS
Case No. 07-04231 (CRB)

5