# EXHIBIT C

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

February 26, 2008

**<u>VIA E-MAIL and FACSIMILE</u>**

*Subject to Federal Rule of Evidence 408*

Andrew Weill
Benjamin, Weill & Mazer
235 Montgomery Street
Suite 760
San Francisco, CA 94104

Re:   *Penn Engineering & Manufacturing Corp. v. Peninsula Components, Inc.*, Case No. C07 04231 CRB (N.D. Cal.)

Dear Andy:

    We write in response to your letter of February 19, 2007, in which you request that Penn Engineering & Manufacturing Corp. and PEM Management, Inc. (collectively, "PEM") update their initial disclosures with respect to the "computation of damages." As an initial matter, we have not received any initial disclosures from your client Peninsula Components, Inc. ("Pencom"), and we ask that you provide these at your earliest convenience.

    As called for the Federal Rules of Civil Procedure, PEM's initial disclosures are based on the information that is currently available to it. As you are well aware, in an intellectual property infringement case such as this one, a "computation" of the damages to which a plaintiff is entitled cannot be undertaken until fact and expert discovery has been conducted. Accordingly, these disclosures state that PEM is entitled to a reasonable royalty on Pencom's unlicensed sales of products that infringe PEM's patents during the past six years. To the extent that discovery reveals that PEM suffered other harm, including, but not limited to, lost sales and profits, PEM will also seek actual and exemplary damages, including Pencom's total profit on infringing designs. In addition, PEM is entitled to Pencom's profits and damages sustained by PEM resulting from Pencom's sales of products that infringe PEM's trademark. PEM reserves the right to seek statutory or exemplary damages to which the evidence shows them to be entitled.

    While Pencom has provided PEM with certain limited information relating to Pencom's sales of infringing products, PEM has not had any actual discovery into those issues. Moreover, the damages that PEM sustained as a result of Pencom's infringement must be addressed by PEM's expert. In view of the foregoing, it is plain that PEM's initial disclosures comply fully

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Letter to Andrew Weill
February 26, 2008
Page 2

with the requirements of Federal Rule of Civil Procedure 26(a)((1)(C), and that PEM is not required to provide any further information.

    Pencom suggests that providing additional information regarding PEM's damages will serve to further settlement negotiations. Although PEM has not had an opportunity to conduct formal discovery, it is confident that the monetary amount it has proposed in settlement discussions is a good deal less than the damages it will be able to establish at trial.

                                  Very truly yours,

                                  /s/ Rebecca A. Beynon

cc:    Don Gagliardi