# EXHIBIT D

LAW OFFICES OF

# BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION

Andrew J. Weill
ATTORNEY AT LAW
Certified Specialist in Taxation Law
California Board of Legal Specialization
State Bar of California

Russ Building
235 Montgomery Street
Suite 760
San Francisco, CA 94104

Voice (415) 421-0730
Fax (415) 421-2355
weill@bwmlaw.com

February 26, 2008

Rebecca A. Beynon           *VIA FACSIMILE (202/326-7999) and U.S. Mail*
Kevin B. Huff
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036

Re:   *Penn Engineering & Manufacturing Corp. v. Peninsula Components, Inc.*
      Case No. C07 04231 CRB

Dear Counsel:

We received your letter regarding Penn Engineering & Manufacturing Corporation and PEM Management, Inc.'s ("PEM") initial disclosures. As we have agreed, the current schedule for this case includes a round of written discovery with a mediation to take place once that round is completed. Defendant Pencom is at a loss as to how such mediation will be even marginally useful without PEM's calculation, albeit preliminary, of any alleged damages. While PEM may wish to have its damage calculation await expert discovery and analysis, this is not what is contemplated by the Federal Rules of Civil Procedure and will certainly impede the parties' attempts at resolving this dispute at mediation.

Which leads me to the point of my letter today. Based on its settlement demand, PEM's initial damages calculation is   Redacted   I take particular notice that you claim this amount is a "good deal less" than damages PEM will be able to prove at trial. This seems to me to imply that PEM has some basis for its calculation. This is coupled with the fact that you have represented to me that your client has some actual basis for this damages figure, which is to be expected since Pencom has already produced documents sufficient to show all relevant sales for all allegedly infringing products (not merely "limited information" as you suggest). The fact that the production was informal for the purpose of advancing settlement discussions is irrelevant - These documents should

Rebecca A. Beynon
Kevin B. Huff
February 26, 2008
Page 2

be more than adequate to provide a basis for a damages calculation.

It seems to me there are three options here. First is that you did not make this representation to me and I am mistaken. Second is that you made this representation incorrectly and there is no basis for the number. Last is that your client has a basis for the redacted figure, but is refusing to provide that basis to Pencom for some reason. I cannot see another possibility here.

Therefore, in accord with the obligation to supplement disclosures, please immediately provide us with PEM's damages calculations for all causes of action in this case.

Very truly yours,

BENJAMIN, WEILL & MAZER,
A Professional Corporation

By: _____
ANDREW J. WEILL

CC:   Donald P. Gagliardi (Via fax 408-297-6000 and U.S. Mail)
      Richard M. Nebb