# EXHIBIT E

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

February 28, 2008

*VIA E-MAIL and FACSIMILE*

*Subject to Federal Rule of Evidence 408*

Andrew Weill
Benjamin, Weill & Mazer
235 Montgomery Street
Suite 760
San Francisco, CA 94104

Re:  *Penn Engineering & Manufacturing Corp. v. Peninsula Components, Inc.*, Case No. C07 04231 CRB (N.D. Cal.)

Dear Andy:

We write in response to your letter of yesterday evening, in which you continue to insist that Penn Engineering & Manufacturing Corp. and PEM Management, Inc. (collectively, "PEM") "supplement" their initial disclosures with respect to a "damages calculation."

As we have noted in our past communications with you, we have not received *any* initial disclosures from Peninsula Components, Inc. ("Pencom"), and you have twice ignored our requests that Pencom provide these. Please provide these to us immediately or explain to us why Pencom has failed to do so.

Your letter makes repeated references to a proposed settlement offer that PEM made expressly pursuant to Federal Rule of Evidence 408. We object to your raising that offer in connection with the litigation of this case as a basis for demanding further initial disclosures. PEM made that offer to settle the case; it is not the actual damages PEM has suffered from Pencom's conduct. We hope that you will not continue to seek to raise these issues in the litigation, as doing so will impede our ability to have any such settlement discussions in the future.

In addition, Pencom's suggestion that PEM has not complied with its obligations relating to initial disclosures is frivolous. PEM has provided all of the information that is called for under the Federal Rules of Civil Procedure at this stage of the litigation. Any computation of damages is, for the reasons we have previously given, not possible without undertaking fact and

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Andrew Weill
February 28, 2008
Page 2

expert discovery. We note, however, that PEM seeks statutory damages (among many other things) for Pencom's willful use of a counterfeit mark pursuant to 15 U.S.C. § 1117(c). That statutory provision contemplates that a plaintiff may recover up to $1,000,000 in statutory damages for willful use of a counterfeit mark.

    We remain hopeful that the parties will be able amicably to settle this dispute. PEM is, however, prepared to protect its intellectual property through litigation, and the position Pencom has taken in its recent communications give us reason to think such litigation is likely.

                            Very truly yours,

                            /s/ Rebecca A. Beynon


cc:    Don Gagliardi