# EXHIBIT F

LAW OFFICES OF
# BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION

Andrew J. Weill
ATTORNEY AT LAW
Certified Specialist in Taxation Law
California Board of Legal Specialization
State Bar of California

Russ Building
235 Montgomery Street
Suite 760
San Francisco, CA 94104

Voice (415) 421-0730
Fax (415) 421-2355
weill@bwmlaw.com

May 7, 2008

**Via Email (servicepencom@khhte.com)**

Rebecca A. Beynon
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036

Re: *Penn Engineering & Manufacturing Corp. v. Peninsula Components, Inc.* Case No. C07 04231 CRB – PEM's Response to Pencom's Discovery Requests

Dear Ms. Beynon:

We write regarding PEM's reply to Pencom's discovery requests, including Pencom's First Set of Interrogatories ("Interrogatories"), First Requests for Admissions ("RFA"), and First Request for Production of Documents ("RFP"). We have reviewed all of PEM's responses and documents. The responses we found inadequate are discussed below. This letter constitutes an attempt to informally resolve various discovery disputes arising from those responses as described below, as required by the court's Local Rule 37-1(a). Pencom prefers to obtain the discovery information amicably, without filing a motion to compel PEM's cooperation as permitted by Federal Rules of Civil Procedure ("FRCP") Rule 37.

We seek responses that will assist us in understanding the basis for PEM's claims, which will be productive in narrowing the issues and preparing for meaningful settlement discussions, including mediation.

Rebecca A. Beynon
May 6, 2008
Page 16

      Re:    *Penn Engineering & Manufacturing Corp. v. Peninsula Components*

> the relevant inventions, and any and all DOCUMENTS which evidence patent marking of such products in accord with 35 United States Code § 287.

PEM responded that it would produce "relevant, non-privileged documents." It appears that PEM has made a partial production. When can we expect the entirety of that production?

**DOCUMENT REQUEST NO. 17:**

> Any and all DOCUMENTS that discuss or relate to use and/or operation of the commercial products which practice the relevant inventions of the Patents-in-Suit.

PEM responded that it would produce "relevant, non-privileged documents." It appears that PEM has made a partial production. When can we expect the entirety of that production?

**DOCUMENT REQUEST NO. 18:**

> Any and all DOCUMENTS related to assertions of the Patents-in-Suit against third parties, including pre-litigation and litigation activities and licensing negotiations.

After asserting privilege objections, PEM stated it would produce only "Complaints in any lawsuits it has filed in which it has asserted the Patents-in-Suit against a third party." PEM produced only the Complaint in the matter of Penn Engineering & Manufacturing Corp. v. Shanghai Jingyang Import & Export Col, LTD, et. al., filed in the United States District Court of Nevada, Case No. 2:07-cv-01505-PMP-GWF. Was there no pre-litigation communication on that matter? Is that the only case? Are there any other such documents?

To the extent PEM is limiting its response to Complaints, we do not see any

Rebecca A. Beynon
May 6, 2008
Page 17

Re: *Penn Engineering & Manufacturing Corp. v. Peninsula Components*

---

legitimate basis for the limitation. Pre-litigation activities, such as cease-and-desist letters, are plainly not privileged and are appropriately discoverable. Please provide a complete supplemental response.

**DOCUMENT REQUEST NO. 19:**

Any and all DOCUMENTS that discuss or relate to pending and abandoned applications having similar subject matter as the Patents-in-Suit.

PEM response: After asserting privilege objections, PEM stated it would produce copies of non-privileged "pending or abandoned applications that are the parent, continuations or continuations-in-part of the Patents-in-Suit, if any." When will PEM be making that production?

**DOCUMENT REQUEST NO. 20:**

Any and all DOCUMENTS that discuss or relate to priority dates for the claimed subject matter of the Patents-in-Suit.

PEM responded that it would produce "relevant, non-privileged documents sufficient to show evidence of conception, reduction to practice and diligence in reducing to practice for the inventions claimed." When can we expect to get that production?

**DOCUMENT REQUEST NO. 22:**

Any and all DOCUMENTS that discuss or relate to opinions regarding infringement, validity, or enforcement of the Patents-in-Suit and prepared on behalf of PEM.

PEM response: All responsive DOCUMENTS are privileged.