# EXHIBIT G

DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, State Bar No. 138979
dgagliardi@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

MARK C. HANSEN
REBECCA A. BEYNON, *pro hac vice*
KEVIN B. HUFF
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Plaintiffs Penn Engineering &*
*Manufacturing Corp. and PEM Management, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., and PEM MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PENINSULA COMPONENTS, INC., <br><br> Defendant. | Case No. C07 04231 CRB <br><br> **PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

01094. Pursuant to Rule 33(d), PEM will produce examples of these materials in discovery. PEM will identify those documents by Bates number when they are produced.

**Interrogatory No. 17:** For any of Defendant's First Request for Admissions that Plaintiffs do not make an unqualified admission, state the basis of such denial or partial denial, and all facts supporting such basis.

**Response to Interrogatory No. 17:** PEM objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. PEM further objects to this Interrogatory as premature since discovery in this matter is ongoing and all facts which support PEM's claims against Pencom may not be known to PEM at this time. PEM reserves the right to supplement or amend this response. PEM further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, any statute, rule or regulation that provides for confidentiality, or that are otherwise protected from discovery. PEM will limit its response to provide information not otherwise privileged. PEM also objects to the Interrogatory as it seeks trade secrets, or non-public, confidential, research, development, or commercial information. PEM will provide such information subject to the terms of the Protective Order executed by the parties. PEM further responds that Pencom's requests for the basis of PEM's denial or partial denial of requests for admission, and all facts supporting such basis, are effectively contention interrogatories, and are premature at this stage of the litigation. Subject to PEM's general and specific objections, PEM states that its responses to the Admissions speak for themselves.

**Interrogatory No. 18:** Identify any summaries, compilations, analyses, or other documents, prepared regarding potential damages, including lost profits and reasonable royalties, and state whether such documents were prepared "prior to" or "after" receiving sales information from defendant in late 2007.

**Response to Interrogatory No. 18:** PEM objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. PEM further objects to this Interrogatory as premature since discovery in this matter is ongoing and all facts which support PEM's claims against Pencom may not be known to PEM at this time. PEM reserves the right to supplement or amend this response. PEM further objects to this Interrogatory as vague with respect to the term "late 2007." PEM further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, any statute, rule or regulation that provides for confidentiality, or that are otherwise protected from discovery. PEM objects to this Interrogatory on the ground that any analyses created in anticipation of litigation are protected work product, which PEM will not produce.

**Interrogatory No. 19:** Identify all documents responsive to any of the foregoing interrogatories that are lost or unavailable and identify the date the loss or unavailability was first discovered, the person(s) who discovered such loss or unavailability, and the person(s) most knowledgeable regarding the contents of such lost or unavailable documents.

**Response to Interrogatory No. 19:** PEM objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. PEM further objects to this Interrogatory as premature since discovery in this matter is ongoing and all facts which support PEM's claims against Pencom may not be known to PEM at this time. PEM reserves the right to supplement or amend this response. Subject to and without waiving PEM's specific and general objections, PEM responds that it is unaware of any such documents other than those identified in these responses.

**Interrogatory No. 20:** Identify all persons who participated in any way in the preparation of answers to these interrogatories, and state specifically with regard to each