# EXHIBIT H

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900

FACSIMILE:
(202) 326-7999

May 29, 2008

**_VIA E-MAIL and FACSIMILE_**

Andrew Weill
Benjamin, Weill & Mazer
235 Montgomery Street
Suite 760
San Francisco, CA 94104

Re:   *Penn Engineering & Manufacturing Corp. v. Peninsula Components, Inc.*, Case No. C07 04231 CRB (N.D. Cal.)

Dear Andy:

We write in regard to the parties' meet-and-confer teleconference of May 22, 2008. We will write separately regarding inadequacies that we have identified in Pencom's discovery responses.

*First*, as we advised you, PEM intends to produce additional documents to Pencom shortly, which we believe should resolve the issues Pencom has raised with respect to Interrogatory Nos. 3 and 14, as well as Document Request Nos. 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, and 23. Please let us know if Pencom disagrees with our view on this issue.

*Second*, PEM provides the following responses regarding Pencom's interrogatories.

**Interrogatory No. 1:** As we discussed, we have checked with our clients regarding the response to this interrogatory. We understand that PEM may track sales information for the products that incorporate the Mark on a more granular basis, and we are continuing to follow up on this matter. We will inform you of the results of our investigation and will supplement PEM's prior response to this interrogatory if necessary.

**Interrogatory No. 4:** PEM will supplement its responses to this interrogatory to identify configurations of floating fasteners considered at the time it filed its application for the Mark. It will also identify any configurations of fasteners it learned of as the result of challenges to the Mark, litigation regarding the Mark, and cease-and-desist activities undertaken by PEM with respect to the Mark.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Andrew Weill
May 29, 2008
Page 2

**Interrogatory No. 5:** As we explained on the telephone, PEM has continuously used the Mark to mark goods since 1962. We believe that clarification addresses the concern that you raised in your letter of May 7, 2008.

**Interrogatory No. 6:** PEM will provide categories of and exemplars of advertisements incorporating the Mark.

**Interrogatory No. 7:** We will consult with our clients and will supplement our answer to this interrogatory if there are any categories of examples of how the Mark is perceived by customers in addition to those previously identified.

**Interrogatory No. 10:** PEM is in the process of producing documents and will produce any documents responsive to this request that are in its possession. In addition, PEM has identified, in Pencom's document production, documents that appear to reflect customer confusion between Pencom's and PEM's products. Accordingly, PEM will supplement its response to this interrogatory as appropriate in view of its own and Pencom's productions.

**Interrogatory No. 16:** We are consulting with our clients and will supplement our answer to this interrogatory if appropriate.

**Interrogatory No. 17:** PEM stands on its response to this interrogatory. Fact discovery in this matter is not yet complete, and expert discovery has not yet been undertaken. Insofar as Pencom is seeking a legal opinion (as is plainly the case for Requests for Admission Nos. 2.a, 2.b, 2.c, 2.d, 2.e, 2.f, 2.g, 2.h, 2.i, 2.j, 2.n, and 2.o), its demands are premature. *See In re Convergent Technologies Sec. Litig.*, 108 FRD 328 (N.D.Ca. 1985). Moreover, because this interrogatory asks for an explanation of PEM's answers to at least 15 separate and distinct requests for admission (in addition to the 19 other interrogatories, several of which contain subparts), it is an improper compound interrogatory in violation of Federal Rule 34(a)(1), which permits "no more than 25 written interrogatories, including all discrete subparts." *See Safeco of America v. Rawstron*, 181 FRD 441 (C.D.Cal. 1998).

**Interrogatory No. 18:** We are presently unaware of any "summaries, compilations, analyses or other documents, prepared regarding potential damages, including lost profits and reasonable royalties" that are not protected by the work-product doctrine. We are confirming our understanding with our clients, and if we learn of some documents that are not protected by privilege or the work-product doctrine, we will advise you.

*Third*, PEM provides the following responses regarding Pencom's requests for admission.

**Request for Admission No. 1.a-b:** PEM does not intend to dispute the authenticity of either of the documents Pencom identifies in these Requests for Admission. Accordingly, PEM will provide copies of these documents in its production, and the parties may compare these documents to ensure that they are complete.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Andrew Weill
May 29, 2008
Page 3

**Request for Admission No. 2.a-o:** PEM will stand on its responses as they are drafted. PEM anticipates that it may supplement these responses as it receives additional discovery from Pencom and prepares its expert disclosures.

If you would like to discuss any of the foregoing, please do not hesitate to contact us.

Very truly yours,

/s/ Rebecca A. Beynon

cc:   Don Gagliardi