# EXHIBIT L

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900

FACSIMILE:
(202) 326-7999

August 9, 2008

*Via E-Maill*

Andrew Weill
Benjamin, Weill & Mazer
235 Montgomery Street
Suite 760
San Francisco, CA 94104

Re:     *Penn Engineering & Manufacturing Corp. v. Peninsula Components, Inc.*, Case No. C07 04231 CRB (N.D. Cal.)

Dear Andy:

We write in response to your letter of August 8, 2008, in which you state that you intend to bring a motion regarding what you allege is PEM's "refusal to provide damages information."

We are at a loss to understand the basis for your motion. We have informed you that any discussions or work that has been done to assess the damages that PEM has sustained as a result of Pencom's infringing activities are protected by the attorney-client privilege and the work-product doctrine. In our meet-and-confer session, you advised us that you did not intend to challenge PEM's assertion of privilege and work-product protection. We thus thought the matter was resolved. Has Pencom now reversed its position? If so, could you please explain the basis for your challenge to our assertion of privilege and work-product protection?

The applicable case management order provides that the parties are to exchange expert reports many months from now. At that time, PEM will provide Pencom with its damages assessment. Pencom's demand for such information now is premature. Before Pencom files any motion, we ask that it respond to the foregoing requests for additional information regarding Pencom's position.

Very truly yours,

/s/ Rebecca A. Beynon

cc:     E-mail Service List