# EXHIBIT M

LAW OFFICES OF
# BENJAMIN, WEILL & MAZER
A PROFESSIONAL CORPORATION

Andrew J. Weill
ATTORNEY AT LAW
Certified Specialist in Taxation Law
California Board of Legal Specialization
State Bar of California

Russ Building
235 Montgomery Street
Suite 760
San Francisco, CA 94104

Voice (415) 421-0730
Fax (415) 421-2355
weill@bwmlaw.com

August 12, 2008

Rebecca A. Beynon     *Via Email (servicepencom@khhte.com)*
Kevin B. Huff
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036

    Re:   *Penn Engineering & Manufacturing Corp. v. Peninsula Components, Inc.*
            Case No. C07 04231 CRB
            PEM Discovery Responses

Dear Rebecca:

      We are at a loss to understand PEM's position regarding providing a damages analysis for this dispute. Quite simply, a damages analysis was required as an initial disclosure under Federal Rules of Civil Procedure Rule 26. In addition, Pencom's discovery requested identification of "summaries, compilations, analyses, or other documents, prepared regarding potential damages, including lost profits and reasonable royalties" and for PEM to produce those documents. PEM has provided nothing of substance in response to these independent obligations.

*PEM's Failure to Provide Adequate Initial Disclosure of Alleged Damages*

      Months ago we noted that PEM neglected to provide an analysis under the Rule 26 disclosures only to be told that PEM was not ready to provide a response: "it would be premature to attempt to calculate [a reasonable royalty] at this time" and that certain damages calculations would be "topics for discovery." If you recall, early in this litigation, the parties appeared to be on a track for settling this case. The parties had a conversation regarding PEM's calculation of damages in the context of that settlement.

      In my February 19, 2008 letter I initiated a formal discussion of PEM's omitted damages calculation. Our follow-up letter of February 26 again points out that PEM has provided no calculation of its alleged damages and that mediation will be difficult without such a calculation. PEM's response on February 28 was that such a calculation would be impossible without "expert discovery."

Rebecca A. Beynon
Kevin B. Huff
August 12, 2008
Page 2

PEM is using the claim of "work product" to make a mockery of its initial disclosure obligations. Under PEM's argument, the Rule 26 requirement that parties provide a damages analysis would be routinely avoided any time a party desired, merely by invoking the mantra of "work product." Neither the language of the Rule, nor the spirit behind modern discovery practice, countenances such gamesmanship.

*Pencom's Discovery Into PEM's Damages Allegations*

Pencom considered pursuing the issue at the time of the initial refusal, but Pencom held back because it took PEM at its word that this would be a "topic for discovery." Unfortunately, PEM has merely prolonged its refusal to make damages discovery.

Pencom included discovery requests sufficient to seek these documents or, in the least, those documents that PEM used to prepare its calculations. In Pencom's discovery, Pencom solicited all damages calculations and supporting documents. PEM's response was that all such documents were privileged.

While we can appreciate that PEM may have some responsive documents that may be subject to relevant privileges, Pencom is not now, nor have it ever, intended to request these documents.

You are correct that we agreed not to pursue privileged documents in our meet and confer. We agreed not to do so because we believed that PEM was obligated to, and would, produce a damages analysis as required under Rule 26. In other words, we did not want the **privileged documents.** But we have always wanted the damages **facts** and any underlying supporting, non-privileged documents. A claim of privilege does **not** shield facts and underlying documents from disclosure. *See, e.g., Upjohn Co. v. U.S.*, 449 U.S. 383, 101 S.Ct. 677, 686 (1981) (underlying facts not privileged); *see also Advanced Cardiovascular Systems, Inc. v. C.R. Bard, Inc.*, 25 U.S.P.Q.2d 1354 (1992) (privilege protects communications, not underlying facts). Work-product privilege is no different. *See Marcin Engineering, LLC. v. Founders at Grizzly Ranch, LLC.*, 219 F.R.D. 516, 525 (Colo. 2003) (work-product privilege does not protect underlying facts from disclosure).

Instead, we are asking PEM for its damages analysis that is (a) called for under the initial disclosures, and (b) called for by discovery. The initial disclosures require a response and our discovery reasonably requests one. PEM cannot evade its obligation to provide **facts** just because those facts may be contained in a document as to which a claim of privilege is made. PEM is obligated to extract those facts and provide them, in

Rebecca A. Beynon
Kevin B. Huff
August 12, 2008
Page 3

response to its discovery obligations.

Our mediation is upcoming and the fact that a plaintiff is not willing or able to share its damages analysis until "many months from now" is perplexing.

I repeat my assertion that the meet and confer process has been exhausted and that Pencom will proceed with bringing an appropriate motion. Of course, I would greatly prefer not to have to file an unnecessary motion, and should PEM wish to reconsider its position and proceed forthwith to provide the long-withheld discovery, please so inform me.

BENJAMIN, WEILL & MAZER,
A Professional Corporation

By: _____
ANDREW J. WEILL